In the Matter of ONEIDA COUNTY FOREST PRESERVE COUNCIL et al., Respondents, against LOUIS WEHLE, as New York State Conservation Commissioner, et al., Appellants.

Argued June 8, 1955; decided July 8, 1955.

*Jacob K. Javits, Attorney-General* (*James O. Moore* and *Henry S. Manley* of counsel), for appellants. I. The council is a corporation. It is not a citizen and hence it is not authorized to maintain this special form of suit. (*Fire Dept. of City of N. Y.* v. *Stanton,* 28 App. Div. 334, 159 N. Y. 225; *Anglo-Amer. Provision Co.* v. *Davis Provision Co.,* 169 N. Y. 506; *Ivory* v. *Edwards,* 278 App. Div. 359, 304 N. Y. 949; *Matter of Civil Service War Veterans Protective Assn.* v. *Finegan,* 249 App. Div. 822; *Matter of J. D. L. Corp.* v. *Bruckman,* 171 Misc. 3; *Matter of Personal Finance Co.* v. *Lyon,* 203 Misc. 710.) II. There is no application by Ralph Atwater individually. III. The application should have been made in the third department. (*Bunyan* v. *Commissioners of Palisade Interstate Park,* 167 App. Div. 457; *Stoddard* v. *Manzella,* 207 App. Div. 519; *Pyrke* v. *Standard Acc. Ins. Co.,* 234 App. Div. 133; *Dairy Sealed, Inc.,* v. *Ten Eyck,* 248 App. Div. 352; *Bull* v. *Stichman,* 189 Misc. 590, 273 App. Div. 311, 298 N. Y. 516.) IV. The application should have been denied because of laches. V. The statute is constitutional.

*Michael P. De Santis* for respondents. I. The council is a citizen as defined in section 4 of article XIV of the Constitution. (*Association for Protection of Adirondacks* v. *MacDonald,* 253 N. Y. 234.) II. There is an application by Ralph Atwater individually. III. The Supreme Court in any Appellate Division may give consent to institute suit. IV. There can be no laches where the constitutionality of a law is involved. V. The statute is unconstitutional.

BURKE, J. The Conservation Commissioner and the Director of Lands and Forests appeal to this court from an order of the Appellate Division, Fourth Department, granting its consent to the respondents, Oneida County Forest Preserve Council and Ralph Atwater, its president, to institute suit against the appellants to restrain the violation by them of section 1 of article XIV of the New York State Constitution.

Among other grounds which do not here merit extended treatment, the appellants contend that the council, being a membership corporation, is not a " citizen " within the meaning of section 4 of article XIV, which provides that: " A violation of any of the provisions of this article may be restrained at the suit of the people *or, with the consent of the supreme court in appellate division, on notice to the attorney-general at the suit of any citizen."* (Emphasis supplied.) In support of this contention, appellants refer us to two cases (*Fire Dept. of City of N. Y.* v. *Stanton,* 28 App. Div. 334, and *Anglo-American Provision Co.* v. *Davis Provision Co.,* 169 N. Y. 506) which, we are told, hold that a corporation is not a " citizen " as that word is used in the Constitution. Those cases, however, are not decisive of the point in issue, for they concern business corporations rather than membership corporations, and, further, because they involved a construction of the " privileges and immunities " clauses (art. IV, § 2; 14th Amendt., § 1) of the United States Constitution. Without delving into the complex sphere of Federal-State and interstate relations, it is obvious that the reason for such a construction when dealing with the relationship between a corporation of one State and the sovereign of another is neither decisive nor applicable to this situation in which the relationship is merely one between a domestic corporation and its sovereign. Moreover, even in the Fed-

eral courts, a corporation is deemed to be a citizen within the meaning of the "diversity of citizenship" clause (art. III, § 2) of the Federal Constitution. (*Salem Co.* v. *Manufacturers' Co.,* 264 U. S. 182.) It is clear, therefore, that there is no absolute and inflexible rule that a corporation, especially a membership corporation, may not be deemed a citizen for various purposes. (See Green, Corporations as Persons, Citizens and Possessors of Liberty, 94 U. of Pa. L. Rev. 202 [1945].) It may be that for other purposes, a corporation is not a citizen as that word is used in the Constitution or the statutes, but for the purpose of bringing a suit to enjoin a violation of section 1 of article XIV we hold that a corporation such as the respondent herein is a citizen.

The appellants further contend that a corporation has no justiciable interest that makes it an appropriate champion of constitutional principles. An analysis of the cases cited in support of this contention reveals that in none of them was a constitutional issue involved. The cases merely held that the particular corporations therein involved had no justiciable interest in the controversy, and the result would no doubt have been the same had the petitioner or plaintiff been an individual rather than a corporation. That the issue is whether or not the plaintiff has a justiciable interest in the controversy rather than whether or not it is a corporation is apparent from the many cases which have upheld the right of a membership corporation to sue for the benefit of its members or for the people of the State generally. (See, e.g., *Associated Painting Employers of Brooklyn* v. *Kessler,* 257 App. Div. 986; *United Cloak & Suit Designers Mut. Aid Assn.* v. *Sigman,* 218 App. Div. 367; *Matter of New York State Licensed Bail Agent's Assn.* v. *Murtagh,* 279 App. Div. 851, motion for leave to appeal denied 303 N. Y. 1009; *Association for Protection of Adirondacks* v. *MacDonald,* 253 N. Y. 234.)

In *Matter of United Press Assns.* v. *Valente* (308 N. Y. 71) the plaintiff, a corporation, sued to enforce what it believed to be the right of its members under section 4 of the Judiciary Law to attend court sessions. We there held that the Judiciary Law conferred a right personal to the defendant and not to the members of the public generally. However, while section 4 of the Judiciary Law provides that "every citizen" may freely attend

the sittings of every court, none of the opinions questioned the right of the corporation *qua* corporation, to assert rights guaranteed to "citizens".

In *Association for Protection of Adirondacks* v. *MacDonald* (*supra*), the association was a membership corporation which obtained consent to institute suit under article VII (§ 7) of the Constitution as then constituted, which provision contained language virtually identical to that of the provision presently under consideration (227 App. Div. 640). After obtaining such consent, the association and the Conservation Commissioner submitted the controversy to the Appellate Division under an agreed statement of facts. Judgment was rendered in favor of the plaintiffs, the association and John Agar, its president, declaring chapter 417 of the Laws of 1929 unconstitutional. It apparently never occurred to either party to question the corporate plaintiff's right to bring the action, and our decision in no way intimates that the association was not a citizen within the contemplation of that provision of the Constitution, nor that it was not a fit party to champion constitutional rights. Since the issue was not there raised, that case, of course, is not determinative of the case at bar. However, in the absence of compelling reasons why we should not adhere to the practice followed in that case, we do not believe that we should now hold that procedure to have been erroneous.

In view of these cases, and in view of the more liberal trend exhibited elsewhere permitting associations or corporations to champion constitutional rights (see, e.g., *Pierce* v. *Society of Sisters*, 268 U. S. 510; *Anti-Fascist Comm.* v. *McGrath*, 341 U. S. 123), we are not of the opinion that the word "citizen" as it is used in section 4 of article XIV should be limited in meaning to natural persons.

Nevertheless, the Constitution limits the type of action which a citizen may bring to a suit to restrain violations of the article. The order of the Appellate Division, however, confers greater relief upon these applicants than is authorized by the Constitution. The latter does not authorize the Appellate Division to consent that the applicant may "invoke such other * * * remedy or remedies in the premises" as it may be advised. In view of the broad relief sought in the moving papers, the order should recite that the motion is granted only insofar as it seeks

consent to institute suit to restrain a violation of section 1 of article XIV of the Constitution.

The order of the Appellate Division should be modified in accordance with this opinion, and, as so modified, affirmed.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Ordered accordingly.