114 N.J. Super. 270 (1971)
276 A.2d 156
DOVER TOWNSHIP HOMEOWNERS AND TENANTS ASSOCIATION, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF DOVER, PLANNING BOARD OF THE TOWNSHIP OF DOVER, DEFENDANTS, AND HOVSONS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1971.
Decided April 2, 1971.
*272 Before Judges KILKENNY, HALPERN and LANE.
Mr. Stewart M. Hutt argued the cause for appellant (Messrs. Hutt & Berkow, attorneys; Mr. Hutt, of counsel and on the brief; Mr. Jay M. Hollander, on the brief).
Mr. Gaetano J. Alaimo argued the cause for respondent.
The opinion of the court was delivered by LANE, J.A.D.
Defendant Hovsons, Inc. appeals from a judgment setting aside "tentative and final approvals granted by the defendant Planning Board of the Township of Dover to Defendant Hovsons, Inc., in connection with its application for a P.U.D. project pursuant to the Planned Unit Development ordinance and statute, * * *," and enjoining the Township of Dover, the Planning Board of the Township of Dover and Hovsons, Inc. "from further proceeding under the P.U.D. application of defendant Hovsons, Inc., or from doing, constructing or causing any building or activity on the site pursuant to said application."
On February 25, 1969 the township adopted "An ordinance Allowing Planned Unit Developments In Certain Areas of the Township of Dover, County of Ocean, Enacted Pursuant to the Powers Granted In R.S. 40:55-54 et seq., known As the `Municipal Planned Unit Development Act (1967)' In and for the State of New Jersey." The ordinance provided in section 5 that the planning board was the municipal authority to administer the powers under the ordinance.
Anticipating the adoption of the ordinance, Hovsons on February 13, 1969 submitted an application to the planning *273 board for tentative approval of a Planned Unit Development consisting of 1,344 housing units and for final approval of the first section of the P.U.D. consisting of 32 units. Notice of a public hearing to be held by the planning board on March 3, 1969 was published in a local newspaper on February 20. In addition, notices were sent to the vast majority of people living within 200 feet of the property involved.
At the public hearing the attorney representing the applicant requested that the witnesses testifying in support of the application be sworn. The chairman of the planning board, however, felt that swearing the witnesses was not necessary. Two witnesses testified in support of the application. At the conclusion of the hearing a motion was made to approve the preliminary plan subject "to road pattern and topo meeting the Township Engineer's approval, problem regarding the intersection of Indian Hill Road caused by the high elevation of land at this point, some provision made for person coming south entering the site to be worked out with the County. Additional information regarding parking, entrance and exit, and the manner in which the model area will be used after project is completely sold." The motion was unanimously adopted. There were no "findings of fact related to the specific proposal" nor were the reasons for the approval given; nor did the motion "set forth with particularity in what respects the plan would or would not be in the public interest * * *," as required by N.J.S.A. 40:55-61(b). At the same meeting final approval was given for the model area subject to the same conditions. No transcript of the hearing was made as required by N.J.S.A. 40:55-60(b).
The application that was submitted stated that the site to be covered by the development was made up of 22 parcels comprising approximately 400 acres. It stated:
The site is made up of approximately 22 in number of parcels as they are presently shown on the Dover Township Tax Map in *274 Blocks 442, 443 and 414. Hovson's Inc. owns in fee approximately 115 acres of this land, and with respect to the remaining acreage has entered into written contracts to purchase.
Hovsons obtained building permits for the model area on March 21, 1969 under which ten model homes have been constructed.
By letter dated May 8, 1969 the township attorney wrote to the township clerk sending a copy to Mr. Hovnanian, president of Hovsons, Inc. The letter stated that the attorney had made a review of two applications submitted to the planning board for approval of Planned Unit Developments, one of which was the application of Hovsons. He pointed out that a date had been set for the public hearing before the adoption of the ordinance and that there had been no written resolution granting approval "setting forth in detail findings arrived at after the public hearing; stipulations or conditions respecting such matters as time schedules, etc."
On May 19, 1969 the planning board adopted a resolution reciting that on March 3, 1969 preliminary approval had been granted to Hovsons and "through inadvertence the said resolution did not set forth the required statutory finding of fact." The resolution that was adopted was aptly described by the trial judge, "[it] seems to be nothing but conclusions which parrot the statutory language."
Mr. Herbert Miller, a member of the planning board, participated in the March 3, 1969 meeting and voted in favor of the motion adopted at that meeting and also voted in favor of the May 19, 1969 resolution. He was employed by Lawyers Title Insurance Company in charge of its Toms River office. Lawyers Title Insurance Company did all the title work on the project for the defendant and, in fact, does all of the title work for Mr. Hovnanian and his various corporations.
The plaintiff association is a group of residents of Dover Township, some of whom live within 200 feet of the project. Its formation was triggered by the planning board's approval *275 of a Planned Unit Development of Cali Associates. The complaint in this action attacked not only the resolution approving the Hovsons' development but also the resolution approving the Cali Associates' development. Members of the plaintiff were aware of the construction going on at the Hovsons' development no later than March 30, 1969. The complaint was not filed until June 18, 1969.
By order dated September 2, 1969 an interlocutory injunction was issued. By order dated October 3, 1969 defendant's motion to dismiss the complaint for lack of standing of plaintiff was denied. On or about the same date an order was entered denying defendant's motion for summary judgment. Application for leave to appeal the latter two orders was denied by the Appellate Division.
The ordinance permitting the construction of Planned Unit Developments in the township was repealed before the hearing in the trial court on January 12, 1970. Judge Edward V. Martino in an oral opinion set aside the action of the planning board as void because of the conflict of interest of Mr. Herbert Miller, citing Hochberg v. Freehold, 40 N.J. Super. 276 (App. Div. 1956), certif. den. 22 N.J. 223 (1956).
Defendant argues that plaintiff association, being neither the municipality enforcing its zoning ordinance, a taxpayer nor a citizen of the municipality, has no standing to bring the action. A taxpayer without showing special damage may challenge an action of a governing body affecting the overall integrity of the zoning plan of the municipality. Booth v. Board of Adjustment, Rockaway Tp., 50 N.J. 302 (1967). Where a challenge to an action by the governing body raises the question of gross illegality or abuse of public responsibilities, a plaintiff need not show special damage. Koch v. Seaside Heights, 40 N.J. Super. 86, 93 (App. Div. 1956), aff'd o.b. 22 N.J. 218 (1956). Any one of the members of plaintiff, all of whom are residents of the township, would have standing to maintain this action. Since the matter raised by the complaint alleges illegality *276 on the part of the planning board affecting the integrity of the zoning ordinance of the township, we hold that plaintiff corporation has standing to sue in the interest of its members. Crescent Park Tenants Ass'n v. Realty Equities Corp. of New York, 58 N.J. 98 (1971); Oneida County Forest Preserve Council v. Whele, 309 N.Y. 152, 128 N.E.2d 282 (Ct. App. 1955).
N.J.S.A. 40:55-1.4 states in part:
No member of the planning board shall be permitted to act on any matter in which he has, either directly or indirectly, any personal or financial interest.
Where a member of a planning board having an interest prohibited by this statute participates in planning board action, such action is invalid regardless of the amount of interest shown. Aldom v. Roseland, 42 N.J. Super. 495 (App. Div. 1956); Hochberg v. Freehold, 40 N.J. Super. 276, 283, supra.
As a member of the planning board, Miller was obliged to determine whether the Planned Unit Development of defendant was in the best interest of the township. He might, therefore, be required to make a decision which would be detrimental to the defendant. It is perfectly obvious that if he had a sufficient interest based upon his relationship with defendant, there would be a conflict. In his position as manager of the Toms River office of Lawyers Title Insurance Company, it was in the interest of Miller's employer that the application for the Planned Unit Development be approved for the additional title work that would be required. The statement of the two interests indicates the conflict. Cf. Griggs v. Princeton Borough, 33 N.J. 207 (1960).
The interest of Miller tainted both actions of the planning board so that they are invalid because of his participation regardless of the lack of any allegation of fraud or bad faith.
*277 We take this opportunity to comment upon the proceedings before the planning board. All too often municipal bodies act without respect, sometimes without regard, to requirements imposed by the Legislature and those imposed by the courts. What happened in this application is an example. It should have been perfectly obvious that Miller's position was such that he should not have participated in any way on the application. In addition, the planning board chairman declined to swear the witnesses. N.J.S.A. 40:55-60(a) is specific in providing that "All testimony by witnesses at any hearing shall be given under oath * * *."
No transcript of the hearing was made as required by N.J.S.A. 40:55-60(b). That provision provides that "A transcript of the hearing shall be caused to be made by the municipal authority * * *."
We have already referred to the failure of the planning board to comply with N.J.S.A. 40:55-61 as to the adoption of a resolution specifically setting forth factual findings and other matter.
There was also a failure to assure that N.J.S.A. 40:55-60(a), providing for notice, was complied with. The notice prescribed is to be in the manner provided for in N.J.S.A. 40:55-34. That provision requires that a zoning ordinance before it is adopted be published. The notice that was given in this case was:

NOTICE
Notice is hereby given pursuant to R.S. 40:55-60, that a public hearing will be held before the Planning Board of the Township of Dover on March 3, 1969 at 8:00 p.m. at the Municipal office, 33 Washington Street, Toms River, New Jersey to consider the application for tentative approval by Hovson's Inc. of a Planned Unit Development pursuant to an ordinance of Dover Township entitled "An Ordinance Allowing Planned Unit Developments in Certain Areas of the Township of Dover, County of Ocean, Enacted Pursuant to the Powers Granted in R.S. 40:55-54 et seq., known as the `Municipal Planned Unit Development Act, (1967)' in and for the State of New Jersey."
Any persons interested in said application and desiring to be heard may be present and shall be given an opportunity to be so heard.
*278
 MAURO, HAVEY & HOLDER, ESQS.
 504 Main Street
 Toms River, N.J. 08753
 Agents for Hovson's Inc.
 (SUN-2-20-69)
Clearly this publication did not constitute valid notice under the statute. It was in flagrant disregard of the legislative provision. The application in full should have been published so that the public would be informed of, among other things, exactly what zoning changes were being requested.
We need not decide whether these deficiencies standing alone would require setting aside the action of the planning board. We incline to the view that, taken together, they would because of the mandatory language of the statutes and because the approval of a P.U.D. application creates a zone for a specific area different from all other areas, thereby raising constitutional questions. See, Roselle v. Wright, 21 N.J. 400 (1956). On its face the plan to construct 1,344 additional housing units in this age of lack of sufficient housing for our citizens would appear to be in the public interest. Unfortunately, because of deficiencies that could have been easily avoided, the housing will not be constructed in defendant township unless the township reenacts the P.U.D. ordinance and a new application is approved.
Defendant urges that the suit is barred by R.R. 4:88-15(b)(3) (now R. 4:69-6(b)(3)) which provides that an action to review the determination of a planning board be brought within 45 days after the accrual of the right to review. N.J.S.A. 40:55-64 states that tentative approval of a P.U.D. plan shall be deemed a final administrative decision subject to judicial review. We do not consider the deficient motion of March 3, 1969 an approval for purposes of review, particularly because the planning board itself recognized the deficiencies of the action in its May 19, 1969 resolution. The complaint was filed on June 18, 1969, as noted above, within 45 days of the adoption of the May 19, 1969 resolution and was therefore timely. Defendant's argument *279 that under N.J.S.A. 40:55-61(a) tentative approval was deemed to have been granted 60 days after the March 3, 1969 hearing because the planning board failed to act is not consistent with the facts. The planning board did not fail to act; it acted, but its action was improper.
Finally, we note that the contentions of defendant that plaintiff is barred by laches, estoppel and the doctrine of relative hardship are inapplicable, the actions of the planning board being void. Cf. Summer Cottagers' Ass'n of Cape May v. City of Cape May, 19 N.J. 493, 504 (1955).
The judgment is affirmed.