276 So.2d 542 (1973)
ORANGE COUNTY AUDUBON SOCIETY, INC., Appellant,
v.
Lois HOLD, Individually, a Taxpayer of Orange County, Florida, et al., Appellees.
No. 72-648.
District Court of Appeal of Florida, Fourth District.
April 27, 1973.
F. Hartselle Baker, of Robertson, Williams & Baker, Orlando, for appellant.
Steven R. Bechtel, of Mateer & Harbert, Orlando, for appellees.
*543 MAGER, Judge.
This is an appeal by the Orange County Audubon Society, Inc., plaintiff below, from that portion of the trial court's ruling declaring that the Society did not have the "standing to maintain" the action below.
The suit below was instituted against the Board of County Commissioners of Orange County. As one of the bases for dismissing plaintiff's amended complaint the trial court concluded:
"The Plaintiff, Orange County Audobon [sic] Society, Inc., a Florida corporation is not `a citizen of the state' within the intent and meaning of F.S. 403.412 [F.S.A.] and as a result has no standing to maintain this action. The statute by its terms expressly recognizes the the [sic] distinction between natural and corporate persons, yet fails to broaden or supplement the term `citizen' to include a corporation."
In 1971 the legislature enacted Chapter 71-343, Laws of Florida, known as the "Environmental Protection Act of 1971" and renumbered as F.S., Section 403.412, F.S.A. A reading of this act reflects a legislative purpose to provide a procedure whereby governmental bodies could be compelled to enforce applicable environmental laws and individuals, corporations and governmental bodies could be restrained from violating any of the applicable environmental laws. In particular, subsection 2 of Section 403.412 provides:
"(2)(a) The department of legal affairs, any political subdivision or municipality of the state, or a citizen of the state may maintain an action for injunctive relief against:
1. Any governmental agency or authority charged by law with the duty of enforcing laws, rules, and regulations for the protection of the air, water, and other natural resources of the state to compel such governmental authority to enforce such laws, rules, and regulations;
2. Any person, natural or corporate, governmental agency or authority to enjoin such persons, agencies, or authorities from violating any laws, rules or regulations for the protection of the air, water, and other natural resources of the state." (Emphasis added.)
The foregoing quoted language evinces a legislative intent to make enforcement of environmental laws and to make restraint of violations thereof a responsibility of the government as well as the citizenry. It is urged, however, that the meaning of the word "citizen" as used in Section 403.412, supra, be restricted to a "natural person" only, thereby precluding any entity such as a corporation, association or club from invoking the provisions of Section 403.412. We cannot agree with this restricted interpretation.
In the recent decision of In re Advisory Opinion to Governor, Fla. 1971, 243 So.2d 573, the Supreme Court of Florida recognized that a corporation can be a "citizen" for certain purposes. As Mr. Justice Ervin pointed out (in a dissent for reasons not material herein), at p. 582:
"The test generally of whether a corporation is to be treated as a citizen `depends upon the intent to be gathered from the context and the general purpose of the whole legislation in which it occurs.' (citation omitted)"
With the enactment of Section 403.412 the legislature has declared that the protection of the environment is a collective responsibility. To treat a corporation as a "citizen" is consistent with this legislative declaration and the "intent to be gathered from the context and the general purpose of the whole legislation". See Oneida County Forest Preserve Council v. Wehle, 1955, 309 N.Y. 152, 128 N.E.2d 282.
Accordingly, the Orange County Audubon Society is a "citizen" within the meaning of Section 403.412 and has standing to *544 maintain suit; that portion of the final judgment inconsistent herewith is reversed and the cause remanded for such other proceedings as may be deemed appropriate.
Reversed and remanded.
REED, C.J., and OWEN, J., concur.