**OKLAHOMA PUBLIC EMPLOYEES
ASSOCIATION, an Oklahoma
corporation, Appellant,**

v.

**Neal A. McCALEB, Wendell Hurt
and Roger Driskill, Appellees.**

No. 73302.

Court of Appeals of Oklahoma,
Division No. 2.

Oct. 29, 1991.

Rehearing Denied Dec. 9, 1991.

Certiorari Denied Feb. 25, 1992.

Frank E. Walta, Oklahoma City, for appellant.

Norman N. Hill, General Counsel, Tamar Graham Scott, Asst. General Counsel, Oklahoma Dept. of Transp., Oklahoma City, for appellees.

BRIGHTMIRE, Judge.

This action was instituted by the Oklahoma Public Employees Association (OPEA) against certain officials of the Department of Transportation (DOT) for: (1) A declaratory adjudication determining that a certain employee (defendant Roger Driskill) was illegally hired; (2) a permanent injunction against employment of subject employee; and (3) damages equal to the amount of compensation paid to such employee.

The trial court granted the defendants a summary judgment and dismissed the petition on the ground that OPEA, a non-profit Oklahoma corporation, is not a "citizen" within the contemplation of 74 O.S.Supp. 1990 § 840.14(D), and therefore has no standing or capacity to bring the lawsuit— a jurisdictional defect.

OPEA appeals. We reverse.

## I

OPEA contends that the term "citizen" as used in 74 O.S.Supp.1990 § 840.14(D) includes artificial entities as well as natural persons.[1]

The defendants, on the other hand, seek to uphold the summary judgment on two theories: (1) OPEA lacks standing to seek a declaratory judgment; and (2) OPEA is not a "citizen" within the meaning of that term as used in § 840.14(D).

Consideration of the defendants' first point becomes unnecessary in view of our disposition of the second one.

We hold OPEA is a citizen within the purview of 74 O.S.Supp.1990 § 840.14(D).

First of all, the express purpose of the Oklahoma Personnel Act is "to protect the public from improper use of authority, to protect [and] to establish for the state a system to recruit [and] select [a] work force ... and to provide policies and procedures for the selection, hiring, retention, advancement, career development, job clas-sification, salary administration, discipline, discharge and other related activities." 74 O.S.Supp.1990 § 840.2. To treat a corporation as a citizen is consistent with this legislative objective. Indeed, in view of the fact that § 840.14(D) requires that "[a]ll monies recovered in any such action shall be paid into the State Treasury," it follows, as a practical matter, that a non-profit organization such as OPEA might well be the only type of "citizen" able or willing to undertake such a § 840.14(D) action.[2]

## II

The summary judgment appealed is reversed and the cause is remanded for further proceedings.

RAPP, J., concurs.

MEANS, P.J., dissents.

MEANS, Presiding Judge, dissenting.

I agree with the trial judge. First, OPEA is not a "citizen" as contemplated by the provisions of 74 O.S.Supp.1990 § 840.-14; second, OPEA does not have the requisite standing to raise another's legal rights, *Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984), and bring another's declaratory judgment action. OPEA is not an aggrieved party and thus lacks standing to challenge the validity of the questioned decisions. *Democratic Par-*

---

1. Title 74 O.S.Supp.1990 § 840.14(D), states in part that:

   "No state disbursing or auditing officer shall make or approve or take any part in making or approving any payment for personal service to any person holding a position in the state classified service, brought under this act unless the payroll voucher or account of such pay bears the certification of the Director, or of his authorized agent, that the persons named therein have been appointed and employed in accordance with the provisions of this act and the rules, regulations and orders promulgated hereunder. The Director may for proper cause withhold certification from an entire payroll or from any specific item or items thereon.

   Any citizen may maintain a suit to restrain a disbursing officer from making any payment in contravention of any provision of this act, rules or regulations promulgated hereun-der. Any sum paid contrary to any provision of this act or any rule, regulation or order promulgated hereunder may be recovered in an action maintained by any citizen, from any officer who made, approved or authorized such payment or who signed or countersigned a voucher, payroll, check or warrant for such payment, or from the sureties on the official bond of any such officer. All monies recovered in any such action shall be paid into the State Treasury."

2. Other jurisdictions with statutes authorizing "citizens" to sue have construed the term to include corporations, associations, and special interest organizations. *See Common Cause of Cal. v. Board of Supervisors,* 49 Cal.3d 432, 261 Cal.Rptr. 574, 777 P.2d 610 (1989); *Orange County Audubon Soc'y v. Hold,* 276 So.2d 542 (Fla.App.1973); *State ex rel. Ohio Motorists Ass'n v. Masten,* 8 Ohio App.3d 123, 456 N.E.2d 567 (1982).

*ty of Okla. v. Estep*, 652 P.2d 271 (Okla.1982).

I would affirm the summary judgment of the trial court.