[Civil No. 4032. Filed December 5, 1938.]

[85 Pac. (2d) 45.]

In the Matter of the Estate of MARCUS JAY LAW-RENCE, Deceased. AMERICAN SECURITY AND TRUST COMPANY, CARRIE J. LAW-RENCE, PAUL T. LAWRENCE and VALLEY NATIONAL BANK, Appellants, v. JANE STOUT LAWRENCE and THE PHOENIX SAV-INGS BANK & TRUST COMPANY, Appellees.

Messrs. O'Sullivan & Morgan, Mr. E. C. Locklear, Mr. Charles L. Ewing and Messrs. Gust, Rosenfeld, Divelbess, Robinette & Coolidge, for Appellants.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Appellees.

ROSS, J.—This is an appeal from an order granting letters of administration with the will annexed upon the estate of Marcus Jay Lawrence, deceased, to the Phoenix Savings Bank & Trust Company, of Phoenix, an Arizona corporation, and refusing to grant said letters to the American Security and Trust Company, a corporation, of Washington, District of Columbia, or the Valley National Bank, of Phoenix, an Arizona corporation.

The deceased was at the time of his death, May 11, 1938, and for a short time prior thereto had been, a resident of Yavapai county, Arizona, and left separate property, both real and personal, in said county and state and in the District of Columbia. In his will,

which the trial court duly admitted to probate, the deceased appointed the American Security and Trust Company, a corporation organized under the laws of the District of Columbia, his executor. He left surviving him his wife, Jane Stout Lawrence, who, on May 23, 1938, filed her petition in the probate court of said county for letters of administration with the will annexed; and on the 31st day of May the American Security and Trust Company, in whose possession the deceased had left his will, filed the will for probate and its petition for letters testamentary, or if the court should find it incompetent to act, it asked that the Valley National Bank be appointed administrator with the will annexed.

The mother of the deceased and a half brother, who were liberally remembered in the will as legatees and devisees, and other nonresident beneficiaries, joined in the latter petition asking that the American Security and Trust Company be appointed executor or in lieu thereof the Valley National Bank, an Arizona corporation, be appointed administrator with the will annexed.

The court heard both petitions together and, after taking the matter under advisement, came to the conclusion that the surviving widow was not, as a matter of right, entitled to letters and declined, on account of her inexperience and hostility to other heirs and possible adverse interest to the estate, to appoint her. The court refused to appoint the American Security and Trust Company, the executor named by deceased, on the ground that it was not a resident of the state, and also refused to appoint the Valley National Bank as prayed, although it found such bank competent and qualified to act, but appointed the Phoenix Savings Bank & Trust Company on a written request by the surviving widow handed to the court subsequent to the hearing and while the court had the matter of appoint-

ing a personal representative under advisement and consideration.

The American Security and Trust Company, the Valley National Bank and the heirs and legatees petitioning for their appointment have appealed contending (1) that although the American Security and Trust Company is a foreign corporation, it having qualified under the law to transact business in Arizona at the time of the hearing on the petition, was competent to act as executor and that the court erred in not appointing it instead of the Phoenix Savings Bank & Trust Company; (2) that since the American Security and Trust Company was the trustee of the estate of the deceased, and since the mother and half brother were the principal beneficiaries of the estate, the court committed error in not appointing their selection, the Valley National Bank, to administer the estate; (3) that the appointment of the Phoenix Savings Bank & Trust Company, when no one had petitioned for its appointment and no hearing was had as to its fitness or qualifications, was without jurisdiction and an error.

██ If it be determined that the deceased's choice of executor in his will was competent, it will not be necessary to consider the other two assignments. The law favors the upholding of the wishes of a testator in that respect when it can be done.

"The court admitting a will to probate shall issue letters thereon to the persons named therein as executors who are competent to discharge the trust . . . ," says the law. Section 3915, Rev. Code 1928. This legislative declaration is universally recognized and may not be disregarded or ignored by the courts. Section 3916, Id., does not enumerate who may act as executors but does definitely list those not competent to act in that capacity. It reads:

*"Who may not be executor.* No person is competent to serve nor shall be appointed as executor who at the time the will is admitted to probate is under the age of majority; or convicted of an infamous crime; or not a *bona fide* resident of this state and a citizen of the United States, except in ancillary probate; or adjudged by the court to be incompetent to execute the duties of the trust by reason of drunkenness, improvidence or want of understanding or integrity; or is a qualified and acting coroner."

If this provision of the statute was all the law on the subject of the competency of executors, corporations, both domestic and foreign, would be ineligible to appointment as executors. "A *bona fide* resident of this state and a citizen of the United States" is a combination of statuses that may be possessed by a natural person but not by a corporation. A corporation is a resident of the state of its organization but it cannot be a citizen of the United States. A corporation is sometimes treated in procedural matters as a person or citizen but it is only an artificial person without the faculties of will and intent. It is therefore either a resident of the state or not a resident and as such without *bona fides* or will. Section 3916 standing alone, negatively at least, excludes corporations, both domestic and foreign, from the class competent to serve as executor, and if that section were the only authority of the court to appoint an executor, the appointment of Phoenix Savings Bank & Trust Company, or any other corporation, would be without authority and unlawful.

Both sides, however, recognize the power of the court to appoint a qualified corporation organized under the laws of this state, as they both ask for the appointment of such a corporation and in doing so are clearly within the law. There are other provisions of the statutory law *in pari materia* with section 3916 that must be looked to for the authority to appoint a cor-

poration as executor. One of such provisions is found in section 4176, Id., under "Probate Procedure," reading:

"*Trust company may be appointed fiduciary.* A corporation incorporated under the laws of this state, may be appointed executor in any last will or testament, and may be appointed administrator, trustee, or guardian of the estate of a minor or incompetent person, or to act in any other fiduciary capacity as if it were a natural person; provided, the corporation is by law authorized to act in such capacity."

Until this law was passed (Laws of 1903, chapter 31) none but "a natural person" could be appointed executor, or administrator, or guardian. Since this law was enacted, certainly corporations created under Arizona laws could be named as executors, etc.

■ The American Security and Trust Company is a foreign corporation and, if it is competent to serve and discharge the duties of an executor, authority therefor must be found elsewhere than in the foregoing sections of the statutes. Appellants point to section 660, Id., for such authority. It reads:

"*Rights upon compliance.* Upon complying with the provisions of this article any foreign corporation shall have and enjoy the same rights and privileges held and enjoyed by a like domestic corporation; provided, no foreign corporation shall acquire, hold or own, at any one time, more than three hundred and twenty acres of real property, exclusive of mines and mineral lands and land necessary for milling, smelting, reducing or working ores or for manufacturing or commercial purposes."

This section is a part of article 6 (chapter 14, Revised Code of 1928) relating to the things a foreign corporation is required to do "before entering upon, doing, or transacting any business, enterprise, or occupation, in this state." Section 657, Id. At the time of the death of the testator, the American Security and

Trust Company had not complied with the requirements of article 6, *supra* (sec. 657), but thereafter, and before the date of hearing on its petition for letters testamentary, it did comply therewith and received from the Corporation Commission of Arizona "a license to do business in this state." On performance of the acts and things required by the statute, it is provided that "any foreign corporation shall have and enjoy the same rights and privileges held and enjoyed by a like domestic corporation." Section 660. The appellant trust company's charter authorizes it to act as executor. As above shown, a trust company incorporated under the laws of Arizona may be an executor "as if it were a natural person." A foreign corporation whose articles empower it to act as executor, and which has qualified to act in Arizona, "shall have and enjoy the same rights and privileges" as a domestic corporation "as if it were a natural person." The statute does not require such foreign corporation to be a resident of Arizona, *bona fide* or otherwise. A domestic corporation has no other residence than the state where organized, although all or its principal business may be conducted in another jurisdiction. When the statute authorizes a domestic corporation to act as executor, it is implicit, of course, that its residence is in Arizona, and when the statute says a *foreign* corporation, by complying with certain requirements, shall enjoy the same rights and privileges as a like domestic corporation, it is implicit in the language used that the foreign corporation is only required to conform with the law in order to exercise and enjoy such rights and privileges. The *bona fide* residence and United States citizenship mentioned in section 3916, *supra,* has reference to natural persons and not artificial persons or citizens. To say that a foreign corporation by complying with certain requirements may enjoy the rights and privileges of a like domestic

corporation, but that it may not enjoy such rights and privileges unless it is a (*bona fide*) resident of the state and a citizen of the United States is contradictory and confusing, to say the least. A foreign corporation in such case would have to have two (*bona fide*) residences, one where created and the other in the state where it seeks to do business, which is impossible. Conflict of Laws, Am. Law Inst., p. 65, sec. 41.

It is said in 14A Corpus Juris 1215, section 3927:

"A foreign corporation can have no legal existence beyond the bounds of the state or sovereignty by which it is created. It exists only in contemplation of law and by force of the law, and where that law ceases to operate, the corporation can have no existence. It must dwell in the place of its creation, and cannot migrate to another sovereignty. This principle does not prevent a corporation from acting in another state or country with the latter's express or implied consent."

"On the contrary," as stated in 14 Corpus Juris 342, section 421, "it is well settled that a corporation has the power, subject to charter or statutory restrictions and limitations, to act through its officers or other agents in any other state or country, with its express or implied permission, by engaging in business acquiring, holding, and conveying property, entering into contracts, and maintaining or defending actions, just as a natural person may."

Clearly section 660, *supra,* gives express permission to a foreign corporation to act as fiduciary where like domestic corporations are competent to act as such. In *Work* v. *United Globe Mines,* 12 Ariz. 339, 100 Pac. 813, it was held that a foreign corporation that had complied with paragraph 913, Civil Code of 1901, which is now our section 660 as revised, could acquire title to real property by adverse possession for the statutory period. The court commented on such section as follows (p. 344):

" . . . The existing statute upon the rights of foreign corporations who may have complied with the law relating thereto is so comprehensive as to leave no doubt as to the legislative intent to give such corporations all the rights of property possessed by domestic corporations, except where specifically limited in the amount of land which they may hold. . . . "

There can be no doubt that it was intended by the legislature that a foreign corporation complying with the law should be given "all the rights of property possessed by domestic corporations."

■ Appellees' contention is that no one is competent to act as executor unless he is a resident of the state, and that that is as true of a corporation as of a natural person. They assert that in the absence of section 4176, *supra,* even a domestic corporation could not, "as a matter of public policy, act or serve as a fiduciary." *Grunow* v. *Simonitsch,* 21 N. D. 277, 130 N. W. 835, is cited as sustaining this view. The North Dakota statutes authorize the appointment of domestic corporations as administrators, executors, etc., the same as natural persons, but do not contain any provision like our section 660, *supra,* giving to foreign corporations that comply with the law to qualify them to transact business in the state the same rights and privileges as domestic corporations hold and enjoy. It was therefore held in that case that a foreign corporation could not be appointed as administrator. If we did not have section 660, *supra,* the above case would be in point and controlling. There can be no question but that the legislature has the power to provide who may or may not act as executors, and we know of no fundamental restriction against its authorizing the appointment of foreign corporations on condition that they comply with the qualifying laws of the state. Appellees quote from Fletcher's Cyclopedia Corporations

(Perm. Ed.), Volume 17, page 221, section 8381, as follows:

"A foreign trust company is not entitled to act as executor or administrator under a statute authorizing trust companies to accept appointments as executors or administrators but which apply only to corporations created by the state, and over which it has the power of visitation and control,"

as supporting their contention. This statement of the law is doubtless correct but is not in point for the reason that the Arizona statutes give to foreign corporations which comply with the law the same rights and privileges as like domestic corporations. No case is called to our attention by appellees, and we have been unable to find any, holding that a foreign corporation that complies with the law to entitle it to do business in another state may not, if the laws of that state so provide, be appointed and act as executor.

■■ Appellees argue at considerable length that if the American Security and Trust Company performed the acts required by the law to qualify it to act as executor, the evidence of it is not properly before the court, first, because the court on their motion struck the exhibits offered by the appellants to show it had complied with the law, and, second, that although the exhibits are in the files they were not in the abstract of the record. These objections are somewhat technical. Unquestionably the exhibits should not have been stricken. They were introduced for the purpose of showing that the American Security and Trust Company had complied with the law, which was very material to the case. However, there was oral evidence by witnesses to the effect that this appellant had complied with the law and had received a license to do business in Arizona. At any rate, the court declined to appoint this appellant because it was not a resident, and not because it had not complied with the law.

We are convinced that the American Security and Trust Company is, under the laws of Arizona, competent to discharge the duties of an executor and it having been appointed in the will of the deceased as such should have been appointed by the court.

This disposes of the case and other assignments will not be considered.

The judgment is vacated and set aside and the cause remanded with directions that further proceedings be had in accordance herewith.

McALISTER, C. J., and LOCKWOOD, J., concur.