390 So.2d 64 (1980)
FLORIDA WILDLIFE FEDERATION, Appellant,
v.
STATE DEPARTMENT OF ENVIRONMENTAL REGULATION et al., Appellees.
No. 58135.
Supreme Court of Florida.
November 6, 1980.
*65 Thomas E. Kingcade and Jack S. Cox of Levy, Plisco, Perry, Shapiro, Kneen & Kingcade, Palm Beach, for appellant.
William E. Deane and Randall E. Denker, Asst. Gen. Counsels, Tallahassee, for the State of Florida Dept. of Environmental Regulation.
Robert Grafton, Thomas J. Schwartz, Stephen A. Walker and Irene Kennedy Quincey, West Palm Beach, for South Florida Water Management District.
Philip S. Parsons of Macfarlane, Ferguson, Allison & Kelly, Tallahassee, and Robert M. Rhodes of Thompson, Wadsworth, Messer & Rhodes, Tallahassee, for Florida Sugar Cane League, Inc., Florida Chamber of Commerce, Dairy Farmers, Inc., Florida Agricultural Research Institute, Florida Farm Bureau Federation and Indian River Citrus League, Inc., amici curiae.
McDONALD, Justice.
This is a direct appeal from a circuit court order dismissing the federation's complaint and declaring section 403.412(2)(a), Florida Statutes (1977),[1] an impermissible incursion into this Court's power to adopt rules of practice and procedure. We have jurisdiction[2] and reverse.
In May 1979, the Florida Wildlife Federation (federation) filed suit against the Department of Environmental Regulation *66 (DER) and the South Florida Water Management District (district) pursuant to section 403.412, the Environmental Protection Act (EPA). Alleging pollution of the C-18 canal and surrounding waters by the use, maintenance and operation of the S-46 spillway (located near Jupiter, Palm Beach County), the federation sought mandatory injunctions against the district and DER, attorney's fees, and money damages. Both DER and the district filed motions to dismiss which were granted with leave to amend.
The federation duly filed an amended complaint which DER answered. The district, however, filed another motion to dismiss, arguing, inter alia, that because the federation failed to allege special injury it did not have standing to bring suit. Agreeing with the district that section 403.412(2)(a) is an impermissible invasion of this Court's prerogative to adopt rules of practice and procedure, the trial court dismissed the complaint. Claiming that the order precluded further amendment, the federation requested that the court issue a final order. The court complied, and this appeal followed. (Although a codefendant in the trial court, appellee DER joins the federation in arguing for the constitutionality of the statute in this appeal.)
Over a decade ago, the electors of Florida amended the state constitution to add section 7 to article II of that document. That section states the public's intent that it "be the policy of the state to conserve and protect its natural resources and scenic beauty." Section 7 further provides that "[a]dequate provision shall be made by law for the abatement of air and water pollution." To help effectuate that policy, the legislature enacted the EPA as section 403.412 in 1971.
While providing that state citizens as well as state agencies may institute suit to compel governmental agencies to perform their duties and to enjoin the violation of laws, rules, and regulations, section 403.412(2) sets out numerous conditions precedent to the bringing of such actions. An interested party must first file a complaint with the appropriate agency. The complaint must set out the facts upon which it is based and the manner in which the complainant is affected. Thereafter, the agency has thirty days in which to act on the complaint. Only after meeting these requirements and giving the agency the opportunity to act may a complainant file suit in a court of law.
The federation followed this procedure and finally filed suit in circuit court. In its complaint, the federation alleged that the S-46 spillway is a present and continuing source of pollution of the Loxahatchee River, that federation members use the waters surrounding the spillway for recreational purposes, and that the federation's members have been irreparably damaged by the spillway's operation. The federation contends that its complaint adequately sets forth a cause of action pursuant to 403.412(2)(a) which should not be disallowed because the legislature saw fit to create a new cause of action by creating capacity in private citizens to enjoin pollution of the state's natural resources.
The district, on the other hand, claims that the legislature has tried to abrogate this Court's special injury rule of standing to sue. Thus, the district sees 403.412(2)(a) as a rule of procedure, passage of which was not within the legislature's power.
Although the trial court agreed with the district, we do not. We hold that by enacting section 403.412 the legislature created a new cause of action, giving the citizens of Florida new substantive rights not previously possessed. This statute sets out an entirely new cause of action. By providing that the manner in which a potential plaintiff is affected must be set out, the statute ensures that the minimum requirements of standing-injury and interest in redress-will be met.
As a new cause of action, the statute is substantive law. Substantive law has been defined as "that part of the law which creates, defines, and regulates rights, or that part of the law which courts are established to administer." State v. Garcia, 229 So.2d 236, 238 (Fla. 1969). By the enactment *67 of section 403.412(2)(a) the citizens of Florida have been given the capacity to protect their rights to a clean environment-a right not previously afforded them directly. This, then, is the difference between the instant case and Avila South Condominium Association, Inc. v. Kappa Corp., 347 So.2d 599 (Fla. 1977), wherein this Court found that the statute under attack there sought to define proper parties rather than to set out substantive rights. The instant statute, however, does not suffer from the same defect. Section 403.412(2)(a) is not an impermissible incursion into this Court's power over practice and procedure in the state's courts.
The district further contends that approval of the statute should not extend to abrogating the special injury rule in this instance. Again, we disagree because the legislature has manifested its intent that that rule of law not apply to suits brought under the EPA.
This Court originally formulated the special injury rule as a method of forestalling a multiplicity of suits. See Brown v. Florida Chautauqua Ass'n, 59 Fla. 447, 52 So. 802 (1910); Case Comment-Public Nuisance: Standing to Sue without Showing "Special Injury," 26 F.S.U.L.Rev. 360 (1974). Under the rule, which developed in the area of public nuisance law, an individual could maintain suit to enjoin a nuisance only if that person could show injury different both in kind and degree from that suffered by the public at large. 59 Fla. at 451, 52 So. at 804. The rule has been extended to taxpayer's suits, Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917), and zoning suits, Boucher v. Novotny, 102 So.2d 132 (Fla. 1958). The rule is not absolute, however, and exceptions to it have been carved out by both this Court and the legislature. See State ex rel. Gardner v. Sailboat Key, Inc., 295 So.2d 658 (Fla. 3d DCA 1974) (individual may bring action, in name of state, to abate public nuisance without necessity of showing special injury); Brown v. Firestone, 382 So.2d 654 (Fla. 1980) (taxpayers); Department of Administration v. Horne, 269 So.2d 659 (Fla. 1972) (taxpayers); Renard v. Dade County, 261 So.2d 832 (Fla. 1972) (zoning); City of Key West v. Askew, 324 So.2d 655 (Fla. 1st DCA 1975) (who is an "interested person" for purposes of bringing suit under the Administrative Procedure Act).
If the legislature had meant for the special injury rule to be preserved in the area of environmental protection, it could easily have said so. We presume legislative awareness of the law of public nuisance with its special injury requirement. That the legislature chose to allow citizens to bring an action where an action already existed for those who had special injury persuades us that the legislature did not intend that the special injury rule carry over to suits brought under the EPA.
A reading of the entire EPA further bolsters this conclusion. The act limits private plaintiffs to citizens, thereby countering some of the multiple suit problems by precluding just any person from coming into this state and instituting suit. Also, numerous conditions precedent, as previously discussed, have been set out. Provision has been made to protect those operations conducted under governmental permits. In an obvious effort to limit frivolous suits, the act provides that trial courts may require plaintiffs to post bond. Finally, subsection (3) provides that the trial courts may grant injunctive relief and impose conditions consistent with law, rules, and regulations, thereby preserving the court's discretion as to whether or not the moving party has stated a case sufficient to motivate granting the requested relief. See North Shore Bank v. Town of Surfside, 72 So.2d 659 (Fla. 1954); Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808 (1946).
We hold, therefore, that section 403.412 creates a new cause of action and that private citizens of Florida may institute suit under that statute without a showing of special injury. As far as what showing is necessary to state a cause of action under the EPA, we note that a mere allegation of irreparable injury not sustained by the allegation of facts will not ordinarily warrant the granting of injunctive relief. *68 Brown v. Florida Chautauqua Ass'n. Also, it must appear that the question raised is real and not merely theoretical and that the plaintiff has a bona fide and direct interest in the result. Miami Water Works Local No. 654 v. City of Miami, 157 Fla. 445, 26 So.2d 194 (1946). Under these guidelines, the federation's complaint has stated a cause of action.[3]
As a final comment, we address the question of whether the federation is a proper plaintiff. During oral argument, the Court questioned whether the federation, a nonprofit corporation, was a "citizen" within the meaning of section 403.412(2)(a). Section 617.021, Florida Statutes (1979), states that nonprofit corporations have the power to sue and be sued to the same extent as natural persons. Additionally, most courts which have considered the question have concluded that corporations are citizens for the purpose of pursuing rights granted to citizens. See In re Advisory Opinion to Governor, 243 So.2d 573 (Fla. 1971) (discussing the holdings from numerous jurisdictions). We agree with the Fourth District Court of Appeal[4] that, by enacting section 403.412, the legislature has declared the protection of the environment to be a collective responsibility and that to treat corporations as citizens is consistent with that declaration.
Reversed and remanded for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
NOTES
[1] The portion of § 403.412 with which this appeal is concerned reads as follows:

(2)(a) The Department of Legal Affairs, any political subdivision or municipality of the state, or a citizen of the state may maintain an action for injunctive relief against:
1. Any governmental agency or authority charged by law with the duty of enforcing laws, rules, and regulations for the protection of the air, water, and other natural resources of the state to compel such governmental authority to enforce such laws, rules, and regulations;
2. Any person, natural or corporate, governmental agency or authority to enjoin such persons, agencies, or authorities from violating any laws, rules or regulations for the protection of the air, water, and other natural resources of the state.
[2] Art. V, § 3(b)(1), Fla. Const. (1972).
[3] We note, however, that § 403.412 does not authorize money damages. That part of plaintiff's prayer for relief seeking such damages, therefore, should be stricken.
[4] Orange County Audubon Soc'y, Inc. v. Hold, 276 So.2d 542 (Fla. 4th DCA 1973).