WENTWORTH, Judge.
The appellant Cape Cave Corporation seeks review of a 10/16/85 Department of Environmental Regulation (DER) final order approving appellant’s dredge and fill permit application filed in 1982. The order provides that prior to any residential construction the appellant shall install a sewage treatment plant and post a bond for construction and maintenance of that system. We affirm on all issues on appeal and on cross-appeal by the appellee, ECOSWF (Environmental Confederation of Southwest Florida), intervenor below.
Cape Cave contends 1) that ECOSWF was not a “citizen” entitled to intervene under section 403.412(5), Florida Statutes;[1] 2) that Chapter 381, Florida Statutes,[2] precludes DER’s consideration of septic tank impact on water quality in this proceeding; 3) that DER’s policy of considering such impact was invalid as a rule not adopted under section 120.54, Florida Statutes, and not justified on the record; and 4) that DER abused its discretion in requiring a bond.
By cross-appeal ECOSWF contends that DER erred 1) in refusing to consider impacts on fish and wildlife habitats under provisions of section 403.021(6), Florida Statutes,[3] prior to enactment of section 403.918, Florida Statutes;[4] and 2) in accepting hearing officer findings as to the closest designated outstanding Florida water. ECOSWF also argues in response to a motion to strike attachments to its brief, that 1) the transcripts of archives’ tapes of legislative committee meetings are properly considered because they were presented to the hearing officer with exceptions to the recommended order; and that 2) section 90.202(6), Florida Statutes, supports judicial notice of collateral circuit court litigation pending between the parties. The motion has been denied by this court based on an election to consider those arguments with the merits of the appeal. We now find no need to dispose of those issues because the appendices in question would be material only to DER’s ruling that unin *1311 corporated associations have legal capacity as intervenors — an issue which, as set out below, we conclude is moot in this proceeding because the record reflects ECOSWF was incorporated long before the entry of the recommended order.
The proceedings in this case were commenced by appellant’s application for permits for dredge and fill and a storm water management system for construction of a 2800-lot residential project, Rotonda Villas. On July 22, 1983, DER issued its intent to issue the permit with eighteen proposed conditions. Both ECOSWF and the state Department of Community Affairs then filed petitions to intervene under section 403.412(5), Florida Statutes, and section 120.57(l)(b), Florida Statutes. The Department’s petition was dismissed and is not now in issue. Appellant agreed to an evi-dentiary hearing subject to a continuing objection to ECOSWF’s standing.
The final order entered by the DER assistant secretary granted the permits with conditions above noted, and agreed with the hearing officer that ECOSWF did not establish “substantial interest” standing under section 120.57, Florida Statutes.[5] The order resolves capacity and standing issues under section 403.412(5), Florida Statutes, by holding:
(1) that ECOSWF was a citizen under the cited statute;
(2) that ECOSWF’s petition, verified by its attorney (who was not a member), met the procedural requirements for intervention because there was no evidence that any form of authorization was necessary other than the finding of counsel’s authorization “to take all actions necessary” to obtain a hearing on the proposed permit;
(3)that section 403.412(5) does not require ECOSWF, as a citizen intervenor, to establish that its substantial interests are affected.
We affirm these conclusions, although we do not agree with DER’s reasoning that legal capacity rules are irrelevant in these statutory proceedings,[6] or that our statutes eliminate such issues in administrative law generally.[7] DER’s conclusion against dismissal can, in this case, rest on the explicit finding in the recommended order that “on March 26, 1984, ECOSWF was incorporated under the laws of the State of Florida.” That fact is not controverted by the parties and, except for noting lack of incorporation “at the time that the petition was filed,” the recommended order does not explain its apparent assumption that as a matter of law a party’s status is immutable after the date of a petition. Under these circumstances we do not reach the numerous speculative issues which might be argued, but decide only that DER could properly reject the recommended dismissal on this record. Our decisions clearly support a conclusion that corporate status under Florida law meets legal capacity tests for intervention as a citizen under the applicable statute. Florida Wildlife Federation v. Department of Environmental Regulation, 390 So.2d 64 (Fla.1980); Orange County Audubon Society, Inc. v. Hold, 276 So.2d 542 (Fla. 4th DCA 1973). The substance of those opinions also lends support to DER’s conclusion that the standing requirements of Chapter *1312 120, Florida Statutes, do not apply to this intervention.
Appellant’s remaining contentions are adequately treated in the final order which we affirm:
The fact that Chapter 381, Florida Statutes, gives DHRS permitting authority over individual septic tanks should not be construed to restrict the Department’s authority to consider impacts on water quality when such impacts are being reviewed in conjunction with a Department permit. Support of this construction may be found in a review of the stated purposes of Chapter 381. See Sections 381.031 and 381.061, Fla.Stat. ...
In contrast, the Department’s regulatory authority encompasses activities potentially impacting the environment, including the air and waters of the state, and fish and wildlife, as well as public health. Regulations adopted pursuant to Section 381.272, Florida Statutes, to protect public health may not necessarily be presumed to protect water quality and fish and wildlife. A more stringent level of regulation may be required for the latter purposes. ...
[[Image here]]
I also reject Cape Cave’s argument that the Department’s policy of considering septic tank pollution is invalid as an un-promulgated rule. The thrust of this argument is that that policy falls within the definition of a ‘rule’ as contained in Section 120.52(15), Florida Statutes, and thus must be adopted pursuant to the procedures of Section 120.54.
[[Image here]]
This argument, however, disregards the holdings in a number of more recent eases, including Florida Cities Water Company v. Florida Public Service Commission, 384 So.2d 1280 (Fla.1980), which indicate that an agency may implement non-rule policy through entry of final orders where the agency explicates and defends such policy in Section 120.57 proceedings.... In E.M. Watkins & Company v. Board of Regents, 414 So.2d 583 (Fla. 1st DCA 1982), the First District Court of Appeal held that the Board of Regents had adequately explained in a final order its non-rule policy of requiring contractors to list subcontractors in their bids. Thus the court found that policy to be valid, even though not adopted through formal rule-making procedures. It should be noted that this policy had been implemented for over 20 years....
[[Image here]]
The last objection raised by Cape Cave relates to the findings of fact, conclusion of law and recommendation on financial responsibility. The hearing officer found that Cape Cave did not have sufficient financial resources to construct and maintain the central sewage facility, stormwater facility and mitigation project. On that basis, she recommended that Cape Cave be required to post a bond in accordance with Florida Administrative Code Rule 17-4.11.
[[Image here]]
In light of my acceptance of the hearing officer’s conclusions of law regarding the necessity for Cape Cave to construct central sewage facilities immediately and Cape Cave’s own testimony regarding its financial situation, I conclude that a bond would be appropriate.
Upon consideration of the text of the statutes [8] cited on cross-appeal, and the eviden-tiary predicate for cross-appellant’s second issue stated above, we find the arguments to be patently without merit.
We therefore affirm the agency’s disposition of the points presented on appeal and cross-appeal.
NIMMONS, J., and GARY, Associate Judge, concur.

. "In any administrative ... proceedings authorized by law for the protection of the ... natural resources of the state ... a citizen of the state shall have standing to intervene as a party on the filing of a verified pleading...." Section 403.412(5), Florida Statutes.

. For example, section 381.261, Florida Statutes, provides HRS “shall have general supervision and control over all ... individual sewage disposal systems ...,” and section 381.272 provides HRS “may issue permits for the construction ... of onsite sewage disposal systems_"

. The cited section provides for increased regulation of activities which may cause pollution of air or water resources and which may be detrimental to "animal, aquatic, or plant wildlife," one of the purposes, among others, being “to insure and provide for recreational and wildlife needs_” (e.s.)

. Section 403.918(2)(a) now provides that in the permitting process "the defendant shall consider and balance the following criteria: ... 2. Whether the project will adversely affect the conservation of fish and wildlife ... or their habitats.” (e.s.)

. Citing Florida Home Builders Association v. Department of Labor, 412 So.2d 351 (Fla.1982).

. Cf. Walton-Okaloosa-Santa Rosa Medical Society v. Spires, 153 So.2d 325 (Fla. 1st DCA 1963); Florio v. State, 119 So.2d 305 (Fla. 2d DCA 1960); I. W. Phillips & Company v. Hall, 128 So. 635 (Fla.1930).

. The agency order cites section 1.01(3), Florida Statutes, for this purpose, but does appear to recognize the absence of explicit treatment of the issue in prior case law:
1.01 Definitions. — In construing these statutes and each and every word, phrase, or part hereof, where the context will permit:
[[Image here]]
(3) The word ‘person’ includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations. (e.s.)
Section 120.52(12), Florida Statutes, states:
120.52 Definitions. — As used in this act:
[[Image here]]
(12) ‘Person’ means any person described in s. 1.01, ...

. Notes 3 and 4, supra.