355 So.2d 871 (1978)
Eileen PADOVANO, Appellant,
v.
Leo WOTITZKY and Stanley Rosenstein, Appellees.
No. 77-1363.
District Court of Appeal of Florida, Second District.
March 8, 1978.
*872 Philip J. Padovano, St. Petersburg, and Lee E. Haworth of Isphording, Payne & Muirhead, Sarasota, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee Wotitzky.
Charles J. Cheves of Cheves, Hazen & Rapkin, Venice, for appellee Rosenstein.
DANAHY, Judge.
Appellant is the holder of record of more than 5% of the outstanding shares of stock of Grove City Realty Corporation, a New Jersey corporation authorized to do business in Florida and having its principal place of business in Charlotte County. Appellee Wotitzky is the attorney for the corporation and appellee Rosenstein is its president. Appellant seeks to assess a statutory penalty against appellees[1] for their refusal to allow appellant to inspect the books and records of Grove City. The applicable statute is Section 607.157, Florida Statutes (1975), which reads in pertinent part as follows:
(4) Any person who shall ... be the holder of record of ... at least 5 percent of the outstanding shares of any class or series of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person or by agent or attorney, at any reasonable time or times, for any proper purpose its relevant books and records of accounts, minutes, and record of shareholders and to make extracts therefrom.
(5) Any officer or agent who, or corporation which, shall refuse to allow any such shareholder ... or his agent or attorney so to examine and make extracts from its books and records of account, minutes, and record of shareholders for any proper purpose shall be liable to such shareholder ... in a penalty of 10 percent of the value of the shares owned by such shareholder . .
Appellees filed motions to dismiss. Both were granted, with leave to amend. Appellant declined to amend her complaint and it was then dismissed with prejudice. This appeal followed. We reverse.
Although appellees' motions to dismiss set forth several grounds, only one ground as to each appellee has been argued on this appeal. Appellee Wotitzky contends that the complaint was defective in failing to allege specifically that appellee Wotitzky had the power and the authority to permit appellant's inspection of Grove City's books and records. As to appellee Wotitzky, the complaint alleged that "[t]he defendant, Leo Wotitzky, was at all times material hereto the attorney for and authorized agent of Grove City Realty Corporation." We believe that the complaint sufficiently alleged Wotitzky's agency and authority. It is not necessary that the complaint charge Wotitzky with possession or custody of the books and records in question. Babbitt v. Pacco Investors Corp., 246 Or. 261, 425 P.2d 489 (1967). Whether appellee Wotitzky had any specific authority with respect to inspection of Grove City's books and records is an issue which, raised by an answer denying that authority, is to be determined on the basis of the evidence presented.
Appellee Rosenstein does not dispute the proposition[2] that, by virtue of the provisions of Section 607.307, Florida Statutes (1975), Section 607.157 applies to foreign corporations authorized to do business in Florida. Section 607.307 reads as follows:

*873 A foreign corporation for which an application for authority under this chapter has been filed shall . .. enjoy the same, but no greater, rights and privileges as a domestic corporation organized for the purposes set forth in the application and, except as otherwise provided in this chapter, shall be subject to the same duties, restrictions, penalties, and liabilities now or hereafter imposed upon a domestic corporation of like character.
Section 607.004, Florida Statutes (1975), states that "[a]s used in this chapter, unless the context otherwise requires, the term ... `corporation' ... means a corporation subject to the provisions of this chapter, except a foreign corporation."
Appellee Rosenstein points out that Section 607.157 can apply to a foreign corporation only by virtue of the provisions of Section 607.307 and the latter section does not mention officers or agents of foreign corporations. He, therefore, urges the conclusion that, although Section 607.157 may apply to a foreign corporation, it does not apply to the officers or agents of the foreign corporation and, accordingly, the trial judge was correct in dismissing the complaint with respect to appellee Rosenstein.
We find no Florida case nor any case from any other jurisdiction specifically ruling on the point raised by appellee Rosenstein. However, in at least one other jurisdiction, a right of action for the statutory penalty against the officers of a foreign corporation as well as the corporation under a statute similar to Section 607.157 has implicitly been recognized. McCormick v. Statler Hotels Delaware Corporation, 55 Ill. App.2d 21, 203 N.E.2d 697 (1964); Tasner v. U.S. Industries, Inc., 379 F. Supp. 803 (N.D. Ill. 1974).
We are mindful that subparagraph (5) of Section 607.157 is penal in nature and that a penal statute must be construed strictly in favor of the one against whom the penalty is sought to be imposed. However, as the court in the McCormick case pointed out in construing a similar statute, the purpose of our statute is to protect shareholders and the need for protection is the same whether the business was incorporated in this state or in another. It seems to us that this purpose requires an interpretation that if, as appellee Rosenstein agrees, Section 607.157 applies to a foreign corporation and if, as here, personal jurisdiction of an authorized officer or agent of the foreign corporation can be obtained, the statutory penalty can be assessed against that officer or agent notwithstanding that the corporation is a foreign corporation. We cannot envision a legislative purpose to exclude officers or agents of foreign corporations from the provisions of Section 607.157 while an officer or agent of a domestic corporation comes within the provisions of the statute. The statutory remedies envisioned by the legislature would be inadequate in many cases if they applied only to a foreign corporation and not to the officers and agents through whom the foreign corporation acts or refuses to act.
We, therefore, reverse this case with instructions to reinstate appellant's complaint and for further proceedings not inconsistent with this opinion.
HOBSON, Acting C.J., and RYDER, J., concur.
NOTES
[1] The corporation is not a party to this action.
[2] On this point generally see Annot., 19 A.L.R.3d 869 (1968) and S. Kaplan, Foreign Corporations and Local Corporate Policy, 21 Vand.L. Rev. 433 (1968).