PER CURIAM.
This is a consolidation of two appeals, The first, Morley v. Slider, Case No. 4-86- *243 2533, appeals a dismissal with prejudice effectively terminating the appellees, Slider, Seimon, and Pantry Pride, Inc. as parties.
The second, Morley v. Pantry Pride, Inc., Case No. 87-1587, dismisses with prejudice appellant Morley’s second amended complaint with prejudice.
I. MORLEY v. SLIDER
Appellants are minority shareholders in Monarch, a Bahamian corporation operating a grocery store in the Bahamas. The appellees, Slider and Seimon, are officers and employees of Monarch and Pantry Pride, Inc., and are residents of the State of Florida. The appellee, Pantry Pride, Inc.,[1] was the 80% owner of record of Monarch.
The appellees, Slider and Seimon, were charged with breach of fiduciary duty and the appellants sought access to books and records as well as the imposition of a statutory penalty for the denial of access as provided in section 607.157, Florida Statutes.[2]
Appellants claim and the record established that Monarch’s principal place of business was in Broward County; that its corporate records were maintained in Bro-ward County; that its management and operating decisions were made in Broward County; that its business was primarily conducted in Broward County, Florida; and that it had a management contract for services, including bookkeeping, accounting, supervision of operation and warehousing with Pantry Pride in Broward County.
Appellee Slider was an officer of Pantry , Pride, Inc. and was responsible for overseeing its performance and the execution of the management contract in Broward County, Florida.
The record reveals that merchandise ordered for Monarch in the Bahamas was ordered from Pantry Pride, Inc.’s Florida warehouse and the store bills were paid by Pantry Pride, Inc.’s accounting department.
The sole issue is the jurisdiction of the trial court under the pleadings and presentment of the record below granting the appellant’s access to the corporate books for inspection and the jurisdiction to assess penalties for failing to grant the inspection. *244 The trial court concluded that jurisdiction-ally this was a “Bahamian problem”; because we find the trial court did have jurisdiction, we reverse the order dismissing appellees, Slider, Seimon and Pantry Pride, Inc. with prejudice.
Section 607.157, Florida Statutes, grants shareholders a right to examine corporate books and records. The refusal of the corporation to allow the examination of their records results in a statutory penalty. Florida recognizes a statutory and common law right of inspection and a right to impose statutory penalties against a foreign corporation registered to do business in this state. Padovano v. Wotitzky, 355 So.2d 871 (Fla. 2d DCA 1978). Other jurisdictions recognize the right of a shareholder to inspect corporate books where the corporation is not authorized to transact business in the state. See Hobbs v. Tom Reed Gold Mining Co., 164 Cal. 497, 129 P. 781 (1913); Tierney v. Indian Ridge Coal & Coke Co., 256 Pa. 340, 100 A. 814 (1917); Genetti v. Victory Markets, Inc., 362 F.Supp. 124 (D.C.Pa.1978).
Padovano held that “the need for protection was the same whether the business was incorporated in this state or in another.” 355 So.2d at 873. The fact that an alien corporation has secured authorization to transact business in this state does not reduce the need for the protection provided. Monarch is an alien corporation under section 607.004, Florida Statutes, and is not authorized to transact business in Florida. However, Monarch, or any foreign or alien corporation should not be rewarded for its failure to register, while a registered corporation can be penalized. We hold that an alien or foreign corporation which is conducting business activities in this state which are not exempt under section 607.304, Florida Statutes, and which is not registered to do business in this state, submits itself to the jurisdiction in Florida where a shareholder seeks inspection of the corporate books and assessment of statutory penalties pursuant to section 607.157, Florida Statutes.
Accordingly the order dismissing Slider, Seimon and Pantry Pride, Inc., is hereby reversed and remanded.
II. MORLEY v. PANTRY PRIDE, INC.
In the second appeal, Case No. 87-1587, we conclude that the trial court properly dismissed the second amended complaint for the appellant’s failure to state a cause of action involving the piercing of the corporate veil. We affirm. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984).
REVERSED IN PART AND REMANDED; AFFIRMED IN PART.
WALDEN and STONE, JJ., and JOHN D. WESSEL, Associate Judge, concur.

. Pantry Pride, Inc. is a Delaware corporation registered to do business in Florida; Pantry Pride Enterprise, Inc. is a Florida corporation and is solely owned by Pantry Pride, Inc.

. Pertinent parts of the statute provide:
607.157 Books and records
(1) Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its shareholders, board of directors, and committees of directors.
(2) Each corporation shall keep, at its registered office or principal place of business or at the office of its transfer agent or registrar, a record of its shareholders, giving the names and addresses of all shareholders and the number, class, and series, if any, of the shares held by each.
[[Image here]]
(4) Any person who shall have been a holder of record of one quarter of 1 percent of shares or of voting trust certificates therefor at least 6 months immediately preceding his demand or shall be the holder of record of, or the holder of record of voting trust certificates for, at least 5 percent of the outstanding shares of any class or series of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person or by agent or attorney, at any reasonable time or times, for any proper purpose its relevant books and records of accounts, minutes, and record of shareholders and to make extracts therefrom.
(5) Any officer or agent who, or corporation which, shall refuse to allow any such shareholder or holder of voting trust certificates or his agent or attorney so to examine and make extracts from its books and records of account, minutes, and record of shareholders for any proper purpose shall be liable to such shareholder or holder of voting trust certificates in a penalty of 10 percent of the value of the shares owned by such shareholder, or in respect of which such voting trust certificates are issued, in addition to any other damages or remedy afforded him by law. It shall be a defense to any action under this section that the person suing therefor has within 2 years sold or offered for sale any list of shareholders or of holders of voting trust certificates for shares of such corporation or any other corporation, has aided or abetted any person in procuring any list of . shareholders or of holders of voting trust certificates for any such purpose, has improperly used any information secured through any prior examination of the books and records of account, minutes, or record of shareholders or of holders of voting trust certificates for shares of such corporation or any other corporation, or was not acting in good faith or for a proper purpose in making his demand.