COPE, Judge.
The principal question presented by this appeal is whether the statutory penalty for a wrongful refusal to allow a shareholder to inspect corporate books and records may be imposed on a foreign corporation which was required to apply for authority to transact business in this state, but failed to do so. We answer in the affirmative.
Appellant Sam Hollander filed a complaint alleging that he is a minority shareholder in a Georgia corporation, Due West Associates, Inc. He alleged that defendants Clifford and Norman Rosen are the controlling shareholders; that Due West is headquartered in Miami, Florida from which it conducts all of its business; and that all of the business records of Due West are located at the Miami headquarters. Hollander alleged that he had made formal demand on the Rosens for inspection of the business records of Due West pursuant to section 607.157(4), Florida Statutes (1987), and that the records had been refused him. He requested assessment of the statutory penalty for a wrongful refusal to allow inspection. Defendants moved to dismiss with prejudice arguing first, that the Florida statute does not apply to Due West, and second, if it does, the demand served on the corporation was fatally deficient. The trial court granted the motion to dismiss with prejudice and Hollander has appealed.
Section 607.157, Florida Statutes, provides that shareholders of a Florida corporation have specified rights of access to the corporate books and records. The statute provides a monetary penalty if a corporation, officer or agent refuses a proper demand for access to the books and records by certain shareholders:
Any officer or agent who, or corporation which, shall refuse to allow any such shareholder ... or his agent or attorney so to examine and make extracts from its books and records of account, minutes, and record of shareholders for any proper purpose shall be liable to such shareholder ... in a penalty of 10 percent of the value of the shares owned by such shareholder ... in addition to any other damages or remedy afforded him by law.
Id. § 607.157(5).[1]
Section 607.157, standing alone, applies only to Florida corporations. That is so because the definition of “corporation,” as used in the Florida General Corporation Act, expressly excludes foreign corporations. § 607.004(5), Fla.Stat. The Act goes on to provide, however, that a foreign corporation, id. § 607.004(8), which has applied for authority to transact business in Florida “shall ... enjoy the same, but no greater, rights and privileges as a domestic corporation ... and, except as otherwise provided in this chapter, shall be subject to the same duties, restrictions, penalties, and liabilities now or hereafter imposed upon a domestic corporation of like character.” Id. § 607.307. Thus, a foreign corporation authorized to do business in Florida is subject to Florida’s statutory provisions respecting access to corporate books and *386 records, and the statutory penalty is applicable should access be wrongfully refused. Padovano v. Wotitzky, 355 So.2d 871, 872-73 (Fla. 2d DCA 1978); accord Morley v. Slider, 549 So.2d 242, 244 (Fla. 4th DCA 1989).
The Rosens argue that Due West is entirely outside the scope of the Florida General Corporation Act because Due West is a Georgia corporation which has not been authorized to do business within Florida. They urge that, so long as there has been no application for authority to transact business within this state, section 607.-307 is inapplicable, even if the corporation should have registered in Florida. We cannot agree, for a party may not benefit from its own wrong. See Morley v. Slider, 549 So.2d at 244. Where a foreign corporation is required by the General Corporation Act to apply for authority to transact business in this state, but fails to do so, that failure cannot be used as a shield to avoid obligations which otherwise would be imposed by the Act. We conclude therefore that a complaint is sufficient if it alleges either (a) that the foreign corporation has made application for authority to transact business in Florida, see id. §§ 607.304, 607.307, or (b) that, although the corporation was legally required to file an application for authority to transact business in Florida, it had failed to do so. The present complaint does not contain the latter allegation, but plaintiff should be given leave to amend to supply it.[2]
Due West’s alternative contention is that the plaintiffs written demand, annexed to the complaint, is facially insufficient under subsection 607.157(5), thus justifying dismissal with prejudice. In order to invoke the statutory penalty the plaintiff must have made a “written demand stating the purpose [of the request for examination of books and records].” Id. § 607.157(4). In this case the written demand annexed to the complaint does not state the purpose of the examination, and therefore fails to satisfy the statutory requirement. The plaintiff contends, however, that the deficiency can be cured by amendment, because his demand makes reference to several previous items of correspondence in which he made earlier demands for records. He urges that one or more of the previous items of correspondence contains a statement of proper purpose which will meet the statutory standard. We agree that plaintiff should have an opportunity to amend in order to annex any document or documents which he contends will cure the deficiency.
We affirm the dismissal of the complaint, but reverse that part of the order which dismissed with prejudice, and remand with directions to grant leave to amend.
Affirmed in part, reversed in part, and remanded.[3]

. The term “such shareholder,” id., refers to the shareholders described in subsection 607.157(4). A shareholder qualified to seek the penalty is
[a]ny person who shall have been a holder of record of one quarter of 1 percent of shares or of voting trust certificates therefor at least 6 months immediately preceding his demand or shall be the holder of record of, or the holder of record of voting trust certificates for, at least 5 percent of the outstanding shares of any class or series of a corporation ....

Id.

. Although the complaint alleges that Due West conducts all of its business from Miami, Florida, that is not enough. Subsection 607.304(2), Florida Statutes, contains a nonexclusive list of activities which can be carried on in Florida without constituting the transaction of business for purposes of subsection 607.304(1). Consequently, the plaintiffs nonspecific allegation regarding Due West’s activities in Florida does not sufficiently plead that Due West was required to apply for authority under subsection 607.304 but failed to do so.

. Effective July 1, 1990, the Florida General Corporation Act will be superseded by the Florida Business Corporation Act, ch. 89-154, Laws of Florida. The new Act repeals the monetary penalty of section 607.157 and substitutes an entitlement to attorney’s fees and costs (subject to certain defenses) where a shareholder obtains a court order for inspection or copying of corporate records. Ch. 89-154, §§ 153, 166, Laws of Fla.; see also id. § 164(2) ("If a penalty or punishment imposed for violation of a statute repealed by this act is reduced by this act, the penalty or punishment if not already imposed shall be imposed in accordance with this act.”).