712 So.2d 1258 (1998)
INVESTORS INSURANCE GROUP, INC., Appellant,
v.
Roger E. KLING, Appellee.
No. 97-1478.
District Court of Appeal of Florida, First District.
July 20, 1998.
Robert J. Winicki of Winicki Law Firm, Jacksonville, for Appellant.
John B. Macdonald of Brant, Moore, Macdonald & Wells, P.A., Jacksonville, for Appellee.
PER CURIAM.
Appellant, Investors Insurance Group, Inc. ("IIG"), appeals from a final judgment that indemnified appellee, Roger E. Kling, under section 607.0850, Florida Statutes (1995). The issue on appeal is whether the trial court correctly applied the statute to the facts of this case. We affirm.
According to Kling's testimony, the president of Gemco Corporation (now IIG), Mr. Ginsberg, asked Kling to become president of a Gemco subsidiary. Apparently, Ginsberg wanted Kling to bring together all of Gemco's metal and glass works into one cohesive subsidiary known as Ampat Group, Inc. Kling agreed to Ginsberg's request and served as president of Ampat Group from 1981 to 1985. In 1993, the State of New York brought an action against Kling for the unpaid taxes, interest, and penalties of Ampat Group during the time in which he was president. Kling successfully defended himself against the action and brought this complaint against IIG for indemnification under section 607.0850, Florida Statutes (1995), and IIG's bylaws.
IIG's bylaws, and those of Gemco as its predecessor in interest, required Gemco and IIG to indemnify all of the persons whom it was authorized to indemnify by statute. Under section 607.0850(1), Florida Statutes (1995), a parent company may indemnify someone who was a director or officer of a subsidiary corporation, if that person had taken the position at the request of the parent company. Furthermore, section 607.0850(3), Florida Statutes (1995) provides that in the event one of the protected persons has been successful on the merits or otherwise in defense of a proceeding of a nature subject to the discretionary indemnification provisions, the indemnification obligation becomes mandatory:
To the extent that a director, officer, employee, or agent of a corporation has been successful on the merits or otherwise in defense of any proceeding referred to in subsection (1) or subsection (2), or in defense of any claim, issue, or matter therein, he shall be indemnified against expenses actually and reasonably incurred by him in connection therewith. (emphasis added)
Thus, under both its own bylaws and section 607.0850(3), IIG must indemnify Kling if he meets the criteria of section 607.0850(1).
The trial court chose to believe the testimony of Kling and found that "[t]he uncontradicted evidence apparently is that Ginsberg *1259 wanted [Kling] in that position to consolidate and re-form all of the metal and glass subsidiaries of Gemco." Applying section 607.0850(1) to that factual finding, the trial court concluded that Kling was an officer of the subsidiary corporation at the request of the parent corporation and was, therefore, entitled to indemnification. IIG attempts to re-argue the facts, but we find that there is competent and substantial evidence to support the trial court's findings of fact. Accordingly, we defer to the trial court, and we find that the trial court did not abuse its discretion in determining that the request of the President Ginsberg amounted to the request of the parent corporation, entitling appellee Kling to indemnification.
AFFIRMED.
WEBSTER and LAWRENCE, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.