771 So.2d 1193 (2000)
Russell BARAKAT, Appellant,
v.
BROWARD COUNTY HOUSING AUTHORITY, a political subdivision of Florida, Appellee.
No. 4D99-3316.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
Rehearing Denied December 14, 2000.
*1194 Gary M. Farmer, Jr. of Gillespie, Goldman, Kronengold & Farmer, P.A., Fort Lauderdale, for appellant.
James D. Stokes and James C. Crosland of Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, for appellee.
HAZOURI, Judge.
Russell Barakat was employed by the Broward County Housing Authority (BCHA). Following a non-jury trial, the court entered a final judgment denying Barakat's complaint for severance pay and dismissing the cause with prejudice.
Barakat was employed pursuant to Broward County Housing Resolution 1992-75 (Resolution) as the executive director of the BCHA for a five-year term beginning November 18, 1992. The resolution sets forth terms of the employment, including a severance pay provision.[1]
On May 6, 1996, Barakat was convicted of filing a false tax return. On May 21, 1996, the U.S. Dept. of Housing & Urban Development (HUD) advised the BCHA that Barakat was suspended from participating directly or indirectly in HUD programs because of his conviction for filing a false tax return. As a result of this suspension, Barakat's employment was terminated by BCHA on May 31, 1996, without severance pay.
Pursuant to Barakat's motion in limine to exclude parol evidence, the trial court found that the Resolution was a contract and the operative paragraphs dealing with severance pay were clear and unambiguous. Despite that fact, in the final judgment, the court concluded that Barakat was not entitled to severance pay.
After taking testimony, the trial court found no evidence that Barakat acted other than in an exemplary manner during the period of his employment. However, the trial court held that as a result of the suspension by HUD, Barakat could not perform his duties as executive director of the BCHA and that Barakat's suspension justified a termination for cause. Further, the trial court found that the severance pay provision was not an absolute entitlement. Rather, the severance pay provision had limitations because "reasonableness is implied in every contract" and a court can only give effect to a contract if it is reasonable, not unconscionable, and does not contravene public policy. Additionally, the trial court reasoned that "a party cannot recover on a contract when he himself has rendered it incapable of performance by his own inability to perform the promise given."
The trial court's conclusion that to require the BCHA to provide severance pay to Barakat when he was being terminated for cause would be unconscionable and contrary to public policy is erroneous. Unconscionability is an affirmative defense which must be raised by proper pleading. See Neiman v. Galloway, 704 So.2d 1131, 1132 (Fla. 4th DCA 1998). Unconscionability was never pled as an affirmative defense by BCHA and the facts before the trial court did not show that this contract was against public policy.
Although contracts are to be construed in order to give effect to the intent of the parties, it is a well settled principle of contract law that where the terms of a contract are unambiguous, the parties' intent must be determined from within the four corners of the document. In the absence *1195 of ambiguity, the language itself is the best evidence of the parties' intent and its plain meaning controls. Contracts are to be construed in accordance with the plain meaning of the words contained therein. Burns v. Barfield, 732 So.2d 1202, 1205 (Fla. 4th DCA 1999) (citations omitted). The applicable portions of the Resolution dealing with termination and severance pay state that Barakat was not to be considered an at will employee of BCHA and BCHA could not terminate Barakat without cause. If terminated, Barakat was entitled to severance pay in the amount due, as if his contract had run its full length.
It is never the role of a trial court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bad bargain. Dickerson Florida Inc. v. McPeek, 651 So.2d 186, 187 (Fla. 4th DCA 1995). A fundamental tenet of contract law is that parties are free to contract, even when one side negotiates a harsh bargain. Green v. Life & Health of Am., 704 So.2d 1386, 1391 (Fla.1998). Had the BCHA wanted to provide for severance pay only when Barakat was terminated without cause, it could have made that a requirement in the Resolution.
The trial court's conclusion that Barakat was not entitled to severance pay is directly contrary to the plain language of the Resolution. It is clear from the language of the Resolution that Barakat could be terminated only for cause and upon termination, he was entitled to severance pay. Therefore, we reverse the trial court's final judgment in favor of the BCHA and direct the court to enter final judgment for the severance pay due Barakat under the terms of the Resolution.
Reverse and remand.
WARNER, C.J., and TAYLOR, J., concur.
NOTES
[1] The pertinent part of the resolution are paragraphs 6 and 7:

6. Should Barakat be terminated, then he will be given severance pay in the amount due, as if said contract had run its full length.
7. In no case, shall Barakat be considered to have a property right in his office. Barakat is not to be considered an at will employee of the Broward County Housing Authority and may not be terminated without cause by the Broward County Housing Authority.