834 So.2d 952 (2003)
Joseph BEELER, P.A., Appellant,
v.
BANCO INDUSTRIAL DE VENEZUELA, etc., et al., Appellees.
No. 3D02-502.
District Court of Appeal of Florida, Third District.
January 22, 2003.
William L. Richey, Miami, and H. Eugene Lindsey, for appellant.
*953 Ruden, McClosky, Smith, Schuster & Russell and Brian T. James and Lawrence A. Gordich, for appellees.
Before JORGENSON, FLETCHER and RAMIREZ, JJ.
FLETCHER, Judge.
Joseph Beeler, P.A. [Beeler] appeals the denial of its motion to intervene in the instant action. For the reasons which follow, we reverse.
Beeler successfully defended Ezperanza de Saad on money laundering charges brought by the federal government. As a result, under their fee agreement, Ms. De Saad owes the firm over one million dollars in attorney's fees and expenses. As part of the fee agreement, Ms. De Saad assigned to Beeler any rights she may have to sue her former employer, Banco Industrial de Venezuela [BIV]. Subsequent to the federal litigation, Ms. De Saad filed the instant action against BIV for breach of her employment contract and for indemnification. Approximately eight months into the proceedings, Beeler moved to intervene in the action and to stay proceedings for 30 days. BIV opposed the motion. After a hearing, the trial court denied Beeler's motion after concluding that intervention "would only serve to impede the orderly progression and resolution" of the case.
Florida Rule of Civil Procedure 1.230 provides:
"Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."
The Florida Supreme Court has stated the test to determine an interest which entitles a party to intervene as
"`[T]he interest which will entitle a person to intervene ... must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.'"
Union Central Life Ins. Co. v. Carlisle, 593 So.2d 505, 507 (Fla.1992)(citing Morgareidge v. Howey, 75 Fla. 234, 238-39, 78 So. 14, 15 (1918)). In accordance with this test, appellate courts have approved intervention by a health insurer entitled to repayment of medical expenses in a lawsuit against a tortfeasor, Union Central, 593 So.2d at 505; by the successful bidder in an action by another bidder challenging the bidding process against the county, John G. Grubbs, Inc. v. Suncoast Excavating, Inc., 594 So.2d 346 (Fla. 5th DCA 1992); by a pledgee entitled to sums paid to pledgor of stock in an action against purchaser of stock, Citibank, N.A. v. Blackhawk Heating & Plumbing Co., 398 So.2d 984 (Fla. 4th DCA 1981); and by a complaining property owner in an action to determine a school's rights under a special use zoning ordinance. We conclude that Beeler's interests herein are similar in nature, and that Beeler therefore is entitled to intervene in the action. We further respectfully disagree with the trial court's conclusion that such intervention will impede the orderly progression of the litigation, which at the time of Beeler's motion was in the early stages of discovery.
Accordingly, the order denying appellant's motion to intervene is reversed, and the cause is remanded for further proceedings consistent with this opinion.