NESBITT, Senior Judge.
Esperanza de Saad, a former employee of BANCO INDUSTRIAL DE VENEZUELA, C.A., MIAMI AGENCY (“BIV Miami”), appeals from a judgment on the pleadings dismissing her statutory indemnification claim which, under Section 607.0850, Florida Statutes (2000), sought to recover the “actual and reasonable” expenses of her allegedly successful defense against ten money laundering charges and one conspiracy charge, after having been arrested during her employment with BIV Miami.[1] On cross-motions for judgment on the pleadings, the trial court dismissed de Saad’s claim with prejudice, holding the statutory indemnification provision facially inapplicable to foreign corporations such as BIV Miami, and further holding that this inapplicability was not changed by the fact that BIV Miami is operating under a certificate of authority to transact business in Florida, pursuant to Section 607.1505, Florida Statutes (2000). We reverse.
Section 607.0850 applies to BIV Miami given the fact that it is qualified to do business in Florida and thus, pursuant to Section 607.1505(2), assumes the same liabilities imposed upon a domestic corporation. Section 607.1505(2), in pertinent part, states that a:
[Fjoreign corporation with a valid certificate of authority has the same but no greater rights and has the same but no greater privileges as, and, except as otherwise provided in this act is subject to the same duties, restrictions, penalties, and liabilities now or later imposed on, a domestic corporation of like character, (emphasis added).
The trial court’s ruling is in derogation of the plain language of Section 607.1505(2) which must be read in pari materia with Section 607.0850. Section 607.0850(3) provides:
To the extent that a director, officer, employee, or agent of a corporation has been successful on the merits or otherwise in defense of any proceeding referred to in subsection (1) or subsection (2), or in defense of any claim, issue, or matter therein, he or she shall be indemnified against expenses actually and reasonably incurred by him or her in connection therewith, (emphasis added).
BIV Miami argues that since Chapter 607 defines “corporation” or “domestic corporation” as “a corporation for profit, which is not a foreign corporation,” the use of the term “corporation” in Section 607.0850(3) necessarily is limited to domestic corporations and is inapplicable to foreign corporations, even those with a certificate of authority under Section 607.1505. The bank’s argument simply ignores the language of § 607.1505(2) quoted above.
While there is no authority directly analyzing the applicability of Section 607.0850, Florida Statutes to a foreign corporation qualified to transact business in Florida, in Hollander v. Rosen, 555 So.2d 384 (Fla. 3d DCA 1989), rev. denied, 564 So.2d 488 (Fla.1990), we rejected an argument similar to the bank’s in holding that a statute allowing shareholders to inspect the books and records of a “corporation” was also applicable to foreign corporations which had applied, or were legally required to apply, for a certificate to transact business in Florida. In Hollander we stated:
Section 607.157, standing alone, applies only to Florida corporations. That is so *955 because the definition of ‘corporation,’ as used in the Florida General Corporation Act, expressly excludes foreign corporations [statutory citation omitted]. The Act goes on to provide, however, that a foreign corporation, [statutory citation omitted] which has applied for authority to transact business in Florida ‘shall ... enjoy the same, but no greater, rights and privileges as a domestic corporation ... and, except as otherwise provided in this chapter, shall be subject to the same duties, restrictions, penalties, and liabilities now or hereafter imposed upon a domestic corporation of like character.’ [statutory citation omitted]. Thus a foreign corporation authorized to do business in Florida is subject to Florida’s statutory provisions respecting access to corporate books and records, and the statutory penalty is applicable should access be denied.
555 So.2d at 385. See also Padovano v. Wotitzky, 855 So.2d 871 (Fla. 2nd DCA 1978). Liability under the indemnification statute is a “liability ... imposed upon a domestic corporation,” just as the statutory duty to allow inspection of books and records was imposed in Hollander. The general definitions of “corporation” and “foreign corporation” are not at all inconsistent with Section 607.1505(2), which provides that a certain subset of “foreign corporations,” (those operating under a valid certificate of authority), are subject to the same liabilities imposed upon domestic corporations.
BIV Miami relies heavily on Legal Environmental Assistance Foundation v. Department of Environmental Protection, 702 So.2d 1352 (Fla. 1st DCA 1997) and National Rifle Ass’n v. Linotype, 591 So.2d 1021 (Fla. 3d DCA 1991) for the proposition that, because a foreign corporation is not treated identically like a domestic Florida corporation for all purposes, the dismissal of de Saad’s claim was proper. However, in those cases no statutory duty or liability imposed on a “corporation” was involved. Instead, Legal Environmental merely held that a certificate to transact business did not transform a foreign corporation into a “citizen” of Florida for purposes of a more specific statute requiring citizenship in order to intervene in certain administrative proceedings. 702 So.2d at 1353. Similarly, National Rifle held that, for purposes of a forum non conveniens analysis, a certificate to transact business did not automatically mean that a party had a Florida location. 591 So.2d at 1022. These cases are distinguishable from the instant situation in which Section 607.0850(3) clearly imposes a liability as contemplated by Section 607.1505(2).
The judgment on the pleadings dismissing de Saad’s statutory indemnification claim under Section 607.0850, Florida Statutes is reversed, and this matter is remanded for entry of judgment on the pleadings in de Saad’s favor on the limited basis that Section 607.0850, Florida Statutes is applicable to BIV Miami as a foreign corporation operating under a valid certificate of authority pursuant to Section 607.1505(2), Florida Statutes, and for further proceedings consistent herewith.[2]

. De Saad's employment with BIV Miami was pursuant to an employment contract which provided that the parties’ contract would be governed solely and exclusively by Florida law.

. As a result of our holding, most of the issues raised in the Motion of Joseph Beeler, P.A. to Intervene in This Appeal and to Vacate the Circuit Court's Order That is The Subject of This Appeal, are moot. Joseph Beeler, P.A.'s right to intervene at the trial court level was determined in Joseph Beeler, P.A. v. Banco Industrial de Venezuela, 834 So.2d 952 (Fla. *956 3d DCA 2003). Beeler defended Ms. Be Saad on the underlying criminal charges, claims entitlement to in excess of one million dollars in attorney's fees and expenses, and, as part of their fee arrangement, Ms. De Saad assigned to Beeler any rights she may have to sue BIV Miami. While the relief requested by the Motion to Intervene is moot, we have restyled this matter to reflect Joseph Beeler, P.A.’s interest in Ms. De Saad’s claim against BIV Miami.