997 So.2d 502 (2008)
Karizma KIRPALANI, Petitioner,
v.
STATE of Florida DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 4D08-3164.
District Court of Appeal of Florida, Fourth District.
December 24, 2008.
*503 Richard Hersch of Hersch & Talisman, P.A., Miami, for petitioner.
No appearance required for respondent.

ON MOTION FOR REHEARING
GROSS, C.J.
We grant petitioner's motion for rehearing, withdraw our previous opinion, and substitute the following.
Karizma Kirpalani's license was suspended after she submitted to a breath test that yielded results exceeding the legal limit of .08 grams of alcohol per 100 milliliters of blood. She filed for formal review of the suspension with the Department of Highway Safety and Motor Vehicles pursuant to section 322.2615(6), Florida Statutes (2007). The hearing officer upheld the suspension. Kirpalani challenged that ruling by filing a petition for writ of certiorari with the circuit court. After the circuit court denied that petition, Kirpalani filed a timely petition for certiorari with this court. We deny the petition for the reasons set forth below.
As established before the administrative hearing officer, this case arose from a September 28, 2007 traffic stop. Deputy Ira Maris stopped a car for speeding. Kirpalani was the driver. She had a New Jersey driver license. The deputy noted a strong odor of an alcoholic beverage on her breath, bloodshot eyes, and a flushed *504 face, so he radioed for another deputy to conduct a DUI investigation.
Deputy Mike Wiley responded to the scene of the stop. Wiley verified that Kirpalani had a New Jersey driver license and not a Florida license. He told her he was there to conduct a DUI investigation. He too noticed her "glassy eyes, flushed face, and an odor on her breath." After conducting field sobriety tests, Wiley concluded that Kirpalani was under the influence of alcohol to the extent that her faculties were impaired.
Wiley placed Kirpalani under arrest and read her a version of the implied consent law. He told her that the implied consent law meant that one who drives a car in Florida and is suspected of being under the influence will cooperate and supply the requested test; he was requesting that she take a breath test, but he could not force her to take it. Kirpalani refused. Wiley admitted that he was not sure how things worked in New Jersey, but explained that if she failed to submit to the requested test, her privilege of operating a motor vehicle would be suspended for a year for a first refusal, or for eighteen months if her privilege had been suspended previously for a like failure.
Wiley elaborated, "However, if you do refuse, your New Jersey license is going to be suspended for one year through the state of Florida." He told her that if she submitted to the test, and scored over the legal limit, then her license would be suspended for six months. The deputy advised that Kirpalani's refusal to submit to a breath test could be used against her in court. Wiley said he was not giving Kirpalani legal advice, but repeated that if she did not submit, then her license would be suspended automatically for a year.
After hearing Deputy Wiley's summary of the law, Kirpalani took the breath test. She testified at the hearing that she agreed to submit because the deputy "told [her] that [her] license in New Jersey was going to be suspended for a year." Her breath test results were .103 and .107, both above the legal limit.
At the formal review with the Department, Kirpalani objected to the admission of the breath test results, contending that Wiley coerced her submission to the exams by misstating New Jersey law concerning the consequences of her refusal. She argued that the deputy erroneously told her that her refusal to take the test would result in "her New Jersey license [being] automatically [...] suspended for one year for a first refusal and 18 months if she had previously refused the test." The hearing officer overruled her objections.
The hearing officer sustained the suspension of Kirpalani's driving privilege. Pursuant to section 322.2615(7)(a), Florida Statutes (2007), the hearing officer found that Deputy Maris had probable cause to believe that Kirpalani was driving a motor vehicle while under the influence of alcohol and that her blood alcohol level was .08 or higher.
In her circuit court certiorari petition, Kirpalani persisted in her challenge to the admission of the breath test results based on Deputy Wiley's "misinformation and a misstatement about the consequences of refusal to take a breath test." The circuit court denied the petition, concluding that the Department had afforded Kirpalani due process, observed the essential requirements of law, and that its actions were supported by competent substantial evidence. The court rejected the attack on the admissibility of the breath tests by relying on State v. Gunn, 408 So.2d 647 (Fla. 4th DCA 1981).
Recently, the second district succinctly set forth the standard of review that applies in a case such as this:

*505 Certiorari is the proper remedy to seek review of an administrative order sustaining the suspension of a driver's license. § 322.2615(13). On second-tier certiorari review, our scope of review is limited to determining whether the circuit court (1) afforded procedural due process and (2) applied the correct law. Dep't of Highway Safety Motor Vehicles v. DeGroot, 971 So.2d 237, 239 (Fla. 2d DCA 2008). This two-part analysis is simply another way of deciding whether the lower court `departed from the essential requirements of [the] law.' Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). A ruling constitutes a departure from the essential requirements of [the] law when it amounts to `a violation of a clearly established principle of law resulting in a miscarriage of justice.' Id. (quoting Tedder v. Fla. Parole Comm'n, 842 So.2d 1022, 1024 (Fla. 1st DCA 2003)); see State v. Farino, 915 So.2d 685, 686 (Fla. 2d DCA 2005) (explaining that failure to apply the correct law must result in a miscarriage of justice to warrant the issuance of a writ of certiorari).
McLaughlin v. Dep't of Highway Safety & Motor Vehicles, ___ So.2d ___, 2008 WL 4891047 (Fla. 2d DCA Nov. 14, 2008). "Due to its discretionary nature, a district court of appeal may refuse to grant certiorari relief even if there is legal error which could be argued to be a departure from the essential requirements of law" if that error does not result in a "gross miscarriage of justice." Sutton v. State, 975 So.2d 1073, 1081 (Fla.2008) (citing Combs v. State, 436 So.2d 93, 96 (Fla.1983)); see Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995) (noting that Combs denied second tier certiorari where the lower court "reached a correct result, albeit for the wrong reason, in denying certiorari, despite its use of an erroneous standard of review").
We deny Kirpalani's petition for second tier certiorari review. Her license was suspended pursuant to section 322.2615(1)(b)(1)(b), which mandates a six month suspension where a driver has taken a breath test that established a breath alcohol level of .08 or more. Section 322.2615(1)(b)(1)(a) mandates a longer suspension of at least one year where a driver refuses to take a breath test. Had Kirpalani persisted in her refusal to take the test, had she not been "coerced" into taking the breath test by the officer's statements concerning New Jersey law, her license would have been suspended for one year.[1] Therefore, even if we were to agree that the results of her breath test should have been suppressed in the administrative proceeding, she would not be able to establish that the suspension of her license here resulted in a miscarriage of justice.
For these reasons, we conclude that there has been no departure from the essential requirements of law in the circuit court's affirmance of the suspension of the defendant's license.
Petition for writ of certiorari denied.
MAY, J., concurs.
*506 FARMER, J., concurs specially with opinion.
FARMER, J., specially concurring.
I do not agree that, as a matter of law, petitioner was coerced into the breathalyzer test. Calling the driver's attention to that which she is already legally bound to do and the consequences of refusing to do it does not come close to coercion within the meaning of the law of criminal defense. And this is even more true of administrative law regarding the licensure of drivers. With that understanding, I join the opinion of the majority.
NOTES
[1] By accepting "the privilege extended by the laws of this state of operating a motor vehicle within this state," a driver is "deemed to have given his or her consent to submit to an approved chemical test ... of his or her breath for the purpose of determining the alcoholic content of his or her blood," if the person is lawfully arrested for DUI. § 316.1932(1)(a), Fla. Stat. (2007). A nonresident's privilege of driving a motor vehicle "shall be subject to suspension or revocation... in the same manner and for the same cause" as a Florida driver's license "may be suspended or revoked." § 322.23(1), Fla. Stat. (2007).