SCHWARTZ, Senior Judge.
In an excellent opinion by Judge Venzer, the appellate division determined that the County’s refusal to relax the single-family residential zoning on the respondent’s property notwithstanding that it was effectively surrounded[1] by a busy thoroughfare, commercial property, and a group home,[2] resulted in the continuance of an impermissible instance of “reverse spot zoning.” See Tollius v. City of Miami, 96 So.2d 122 (Fla.1957); City of Miami Beach v. Robbins, 702 So.2d 1329 (Fla. 3d DCA 1997); Debes v. City of Key West, 690 So.2d 700 (Fla. 3d DCA 1997); City of Coral Gables v. Wepman, 418 So.2d 339 (Fla. 3d DCA 1982), review denied, 424 So.2d 760 (Fla.1982); Olive v. City of Jacksonville, 328 So.2d 854 (Fla. 1st DCA 1976); City of S. Miami v. Hillbauer, 312 So.2d 241 (Fla. 3d DCA 1975); Manilow v. City of Miami Beach, 213 So.2d 589 (Fla. 3d DCA 1968); Kugel v. City of Miami Beach, 206 So.2d 282 (Fla. 3d DCA 1968).
There is no departure from the essential requirements of the law in this decision, much less, as is required to grant relief on second-tier certiorari review, one which resulted in a miscarriage of justice.[3] See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Kirpalani v. State Dep’t of Highway Safety & Motor Vehicles, 997 So.2d 502 (Fla. 4th DCA 2008) (on motion for rehearing granted). We think that the direct contrary is true.
Certiorari denied.
CORTINAS, J„ concurs.

. Except to the rear.

. That a group home, with its accompanying elevated human and vehicular traffic, is permitted by the Code in a single-family residential zone does not make it a single-family residence, see generally 2 Kenneth H. Young, Anderson’s Am. Law of Zoning § 9.31 et seq. (4th ed. 1996), so as to avoid contributing to the legal isolation of Valdes's property. See Tollius v. City of Miami, 96 So.2d 122 (Fla.1957). Legal consequences are "determined not by what [something] is called, but by what it does” and is. Boyd v. Boyd, 478 So.2d 356, 357 (Fla. 3d DCA 1985), review denied, 488 So.2d 67 (Fla. 1986). See also Walls v. Endel, 20 Fla. 86 (1883). Otherwise stated, "you can put nail polish on an elephant, but....”

. In deciding whether a particular zoning scheme results, as here, in an instance of spot or reverse spot zoning, the familiar "fairly-debatable-competent-substantial-evidence” standards of review do not strictly apply. Instead, the issue is more appropriately considered as a matter of law, applying undisputed facts concerning the characteristics of the location in question and its surroundings to established legal principles. See City Comm’n of the City of Miami v. Woodlawn Park Cemetery Co., 553 So.2d 1227, 1230-33 (Fla. 3d DCA 1989), and cases collected. In any event, as was said in Debes, 690 So.2d at 701 n. 4:
[T]he application of any possible formulation of the showing necessary either to support or to overturn a local government's decision of the present kind, including the "fairly debatable” standard deemed appropriate in Martin County v. Yusem, 690 So.2d 1288 (Fla.1997); e.g., Allapattah Community Ass'n v. City of Miami, 379 So.2d 387 (Fla. 3d DCA 1980), cert. same result. See Metropolitan Dade County v. Fuller, 515 So.2d 1312, 1314 n. 4 (Fla. 3d DCA 1987).