SCHWARTZ, Senior Judge.
 

 Richard Road Estates, the owner of real property in southwest Miami-Dade County, seeks second tier certiorari review of a circuit court appellate division decision affirming the refusal of the Miami-Dade County Commission to grant a change in zoning of the petitioner’s property from AU (agricultural zoning permitting one residence per five acres) to EU (“estate” zoning permitting one residence per one acre). We find the ruling a departure from the essential requirements of the law resulting in a miscarriage of justice to the petitioner, see
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523 (Fla.1995), and therefore grant relief.
 

 The indisputable evidence is that (a) the previous agricultural nature of the area no longer prevails, so that (b) the surrounding property is now used as permitted either by EU or, if anything, even more liberal zoning.
 
 [1]
 
 In these circumstances, it is obvious that continuing the AU designation results in an instance of impermissible “reverse spot zoning,” which cannot be sus
 
 *1119
 
 tained.
 
 Miami-Dade County v. Valdes,
 
 34 Fla. L. Weekly D194, — So.3d-, 2009 WL 129111 (Fla. 3d DCA Jan. 21, 2009), and cases cited;
 
 Debes v. City of Key West,
 
 690 So.2d 700 (Fla. 3d DCA 1997), and cases cited. See also
 
 Tollius v. City of Miami,
 
 96 So.2d 122 (Fla.1957).
 

 The County’s justification for the contrary result, which was accepted by the appellate division notwithstanding its ac-knowledgement that the outcome “seems unfair,”
 
 [2]
 
 was the desire to preserve the property’s present status as an area into which excess rain water which would otherwise accumulate on the surrounding land is drained onto the petitioner’s. Richard Road’s property is thus forced to act, as it were, as an uncompensated storm sewer for the neighborhood. As a matter of constitutional law, however, a policy such as this one, which is unrelated to appropriate zoning principles, cannot support the action below. As we said in
 
 Debes,
 
 concerning a restriction of land use for a much worthier purpose — keeping property available for affordable public housing:
 
 [3]
 

 ... [Wjhile this aim may represent a desirable public policy-which might support, for example, the condemnation of property for that use, see
 
 State v. Miami Beach Redevelopment Agency,
 
 392 So.2d 875 (Fla.1980)-it emphatically may
 
 not
 
 be promoted on the back of a private landowner by depriving him of the constitutionally protected use of his property. As the estimable Judge Cowart correctly and succinctly stated:
 

 A property owner is entitled to have his property properly zoned based on proper zoning concepts without regard to the one particular use which the owner might then intend to make of the various uses permitted under a proper zoning classification. A zoning authority’s insistence on considering the owner’s specific use of a parcel of land constitutes not zoning but direct governmental control of the actual use of each parcel of land which is inconsistent with constitutionally guaranteed private property rights.
 

 Porpoise Point Partnership v. St. Johns County,
 
 470 So.2d 850, 851 (Fla. 5th DCA 1985); accord
 
 ABG Real Estate Dev. Co. v. St. Johns County,
 
 608 So.2d 59, 63 (Fla. 5th DCA 1992), cause dismissed, 613 So.2d 8 (Fla.1993).
 
 *1120
 

 Debes,
 
 690 So.2d at 700. See also
 
 CNL Resort Hotel, L.P. v. City of Doral,
 
 991 So.2d 417 (Fla. 3d DCA 2008).
 

 For these reasons, the decision of the appellate division is quashed. The cause is remanded with directions to quash the zoning resolutions in question.
 

 Certiorari granted.
 

 [1]
 

 . The record contains the following exchange between a commissioner and a County official:
 

 COMMISSIONER SORENSON: ... Let me just look at the surrounding properties. Mr. Basu, the surrounding — the property in the north is agriculture. Is that one house per five acres?
 

 ACTING DIRECTOR BASU: No, that's an acre, acre.
 

 COMMISSIONER SORENSON: It’s an acre.
 

 And the properly to the east?
 

 ACTING DIRECTOR BASU: East is one acre.
 

 COMMISSIONER SORENSON: And the property to the south?
 

 ACTING DIRECTOR BASU: South is AU right now.
 

 COMMISSIONER SORENSON: It’s AU. So it’s one house per five acres on the south?
 

 ACTING DIRECTOR BASU: Yes.
 

 And caddy comer southeast is EU-1. COMMISSIONER SORENSON: EU-1. So most of the area surrounding it is an acre?
 

 ACTING DIRECTOR BASU: Yes ...
 

 [2]
 

 . The lower court said:
 

 While it seems unfair to deny the Petitioner's application based on the illegal conduct of neighboring landowners who, under earlier regulations, were not required to fill or grade their land, flooding in the absence of infrastructure to contain the flooding presents a valid public policy concern. Petitioner argues that denying their petition because of inadequate existing infrastructure or because of flooding in the area amounts to a taking under the law. Accordingly, the Commission’s resolution is unreasonable, arbitrary and confiscatory. As applied to its property, Petitioner argues that the resolution deprives them of equal protection of the laws and constitutes a taking of their property without due process of law contrary to the guarantees of our State Constitution ... While the Commission's decision appears unfair, a delay in the development of an applicant's property does not constitute a compensable temporary taking under the law.
 

 But see
 
 CNL Resort Hotel, L.P. v. City of Doral,
 
 991 So.2d 417, 421 (Fla. 3d DCA 2008) (“CNL did not assert that the City took its property without just compensation. CNL merely wanted the City to properly consider its private property rights before enacting its plan.”).
 

 It may be observed that in this case, as probably in every case, what seems (because it is) unfair also turns out to be wrong.
 

 [3]
 

 . Because, as a County official testified, "the surrounding properties ... don't have drainage rights to drain into this property.”,
 
 Debes,
 
 in which the use sought to be promoted was perfectly lawful, is applicable in spades.