21 So.3d 46 (2009)
BANCO INDUSTRIAL DE VENEZUELA, C.A., Miami Agency, etc., and BIV Investments and Management, Inc., etc., a/k/a BIV Inversores y Promotores, Appellants/Cross-Appellees,
v.
Esperanza DE SAAD and Joseph Beeler, P.A., Appellees/Cross-Appellants.
No. 3D08-1713.
District Court of Appeal of Florida, Third District.
September 16, 2009.
Rehearing and Rehearing En Banc Denied December 2, 2009.
*47 Hogan & Hartson, Carol A. Licko, Richard C. Lorenzo, Mark R. Cheskin, and Brian L. Lerner, Miami, and Jessica L. Ellsworth, Washington, D.C., pro hac vice, for appellants/cross-appellees.
William L. Richey; H. Eugene Lindsey and Milton M. Ferrell, Miami, for appellee/cross-appellant, Joseph Beeler; Petros & Elegant and William L. Petros, Coral Gables; Hicks, Porter, Ebenfeld & Stein and Mark Hicks, Dinah S. Stein and Shannon Kain, Miami, for appellee/cross-appellant, Esperanza de Saad.
Before SUAREZ and SALTER, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Banco Industrial De Venezuela, C.A. ("Banco"), and BIV Investments and Management, Inc. ("BIV"), appeal a final summary judgment in favor of Esperanza de Saad ("de Saad") and Joseph Beeler, P.A. ("Beeler"), in an action for statutory indemnification and breach of contract. We affirm the trial court's grant of final summary judgment on both the count for statutory indemnification and the count for breach of contract.

FACTS AND PROCEDURE BELOW
De Saad is the former vice-president and general manager of Banco's Miami agency, BIV. As part of an undercover sting operation involving a U.S. Customs confidential informant, de Saad was alleged to have facilitated the deposit of approximately $4 million in drug proceeds into BIV accounts. On May 19, 1998, the United States charged de Saad with ten counts of money laundering and one count of conspiracy to launder money while acting in her capacity as the vice-president of BIV. De Saad retained the services of attorney Beeler to represent her in the criminal proceedings. As part of their fee agreement, de Saad assigned Beeler her right to seek indemnification for attorney's fees and costs under sections 607.0850(1) and (3), Florida Statutes (1999). After a lengthy trial in which the jury found her guilty on all counts, the trial judge granted de Saad's motion for judgment of acquittal as to all counts finding that the United States had failed to prove all of the necessary elements of the alleged crimes. The United States filed an appeal of the trial court's acquittal. Seven months after her acquittal, de Saad was charged and pled *48 guilty to one count of money structuring on the condition that the government drop the appeal of the judgment of acquittal on the money laundering and conspiracy charges. The government dropped the appeal. De Saad then sought from BIV her past wages pursuant to her contract of employment and also sought indemnification for attorney's fees incurred in her defense of the money laundering and conspiracy charges. BIV denied both claims.
De Saad then filed the present state court action against BIV. Her amended complaint seeks statutory indemnification pursuant to section 607.0850 to recover the costs and attorney's fees in defending the money laundering charges and claims past wages based on breach of her Employment Contract with BIV.[1] Beeler filed a complaint in intervention based on the assigned right to attorney's fees and costs in defending de Saad on the money laundering charges.[2] De Saad, Beeler and BIV moved for summary judgment on the indemnification claims. The trial court entered summary judgment on liability in favor of de Saad and Beeler on the statutory indemnification counts. The trial court held a bench trial on indemnification damages and awarded de Saad $2,895,096.41 on the indemnification claim and Beeler $1,636,168.13. Following the bench trial, both sides moved for summary judgment on the breach of contract claims. The trial judge granted summary judgment on the breach of contract claims in favor of de Saad and Beeler. On the breach of contract claims, the trial court entered final summary judgment in favor of de Saad and Beeler and awarded $1,058,023.82 to de Saad exclusively. This appeal followed.

BIV'S APPEAL OF THE FINAL SUMMARY JUDGMENT FOR INDEMNIFICATION
BIV contends on appeal that the trial court did not apply the correct law on the claims for indemnification. We disagree. BIV argues, in support of its appeal, that a question remains, under the terms of sections 607.0850(1) and (3), as to whether or not de Saad's acquittal meets the statutory requirements of being "successful on the merits or otherwise," and whether the acts with which she was charged were performed by "reason of the fact" that she was an officer of the corporation. Section 607.0850, Florida Statutes (1999) provides in pertinent part:
607.0850 Indemnification of officers, directors, employees, and agents.
(1) A corporation shall have power to indemnify any person who was or is a party to any proceeding (other than an action by, or in the right of, the corporation), by reason of the fact that he or she is or was a director, officer, employee, or agent of the corporation....
....
(3) To the extent that a director, officer, employee, or agent of a corporation has been successful on the merits or otherwise in defense of any proceeding referred to in subsection (1) or subsection (2), or in defense of any claim, issue, or matter therein, he or she shall be indemnified against expenses actually and reasonably incurred by him or her in connection therewith.
(emphasis supplied).
The case of Perconti v. Thornton Oil Corp., No. CIV. A. 18630-N.C., 2002 WL *49 982419 (Del.Ch.2002) interprets a Delaware statute, which is strikingly similar to section 607.0850, in a factually similar situation to the present. That case deals with indemnification of a corporate officer in defense of a lawsuit. Perconti was charged with twenty counts of embezzlement from Thornton Oil Corporation. Perconti went to trial, a mistrial was declared, and the charges against him were dismissed. The Delaware statute, as does the Florida Statute, requires that the former director or officer of the corporation who seeks indemnification must have been both "successful on the merits or otherwise" and must have been prosecuted "by reason of the fact" that the person was a director, officer, employee or agent of the corporation.[3]
Perconti filed an action for statutory indemnification to recover expenses incurred in defending the criminal suit. Thornton Oil Corporation contended that indemnification was precluded because Perconti's activities were undertaken for personal gain and not for corporate purpose. The Court of Chancery held that:
[t]he right of a `successful' corporate officer to indemnification derives from his status as a corporate officer. If the conduct resulting in the prosecution was done in his capacity as a corporate officer, without regard to what his motivation may have been, then the ensuing prosecution was "by reason of the fact that" he was a corporate officer.
Perconti, 2002 WL 982419, at *4.
The court went on to hold that the statute "[a]ssures indemnification to the corporate officer who has been `successful' in the criminal proceeding. It does not require a determination that the corporate officer was `innocent'." Perconti, at *4; see Merritt-Chapman & Scott Corp. v. Wolfson, 321 A.2d 138, 141 (Del.Super. Ct.1974) (holding that any result other than conviction must be considered success). The Delaware court found that dismissal of the charges was equivalent to "success on the merits" under the statute. It concluded that there were no material facts in dispute, and that Perconti, as a matter of law, was entitled to summary judgment indemnifying him in accordance with the indemnification statute. We follow the Delaware court's holding and likewise find that the trial court correctly granted final summary judgment in favor of de Saad and Beeler on the statutory indemnification claims, as de Saad was prosecuted "by reason of the fact" that she was an director, officer, employee, or agent of the corporation and was acquitted because she was "successful on the merits or otherwise."[4]See Investors Ins. Group, *50 Inc. v. Kling, 712 So.2d 1258 (Fla. 1st DCA 1998).

BIV'S APPEAL OF THE FINAL SUMMARY JUDGMENT FOR BREACH OF CONTRACT
BIV contends the trial court erred in granting de Saad's motion for summary judgment for breach of the Employment Contract claiming that disputed issues of material fact exist as to the meaning of the contract and which party breached it. BIV suspended de Saad but never terminated her employment as provided for in the Contract of Employment.[5] BIV suspended her without pay and relies on the personnel manual which specifies grounds for suspension of an employee when certain charges are pending for clarification. The Manual provides for suspension, but only until the charges are clarified. It does not provide for indefinite suspension. As de Saad points out, the term "clarification" is defined as "to make clear or easier to understand." Webster's II New Collegiate Dictionary 206 (2001). We do not equate the meaning of clarification to be the same as the meaning of resolution or disposition. Certainly, the charges against de Saad were clarified, if not by the United States's filing of the Second Superseding Indictment, they were clarified by BIV's findings in its own internal audit after de Saad's indictment. Once the charges against de Saad were "clarified," BIV had two options under the Contract. It could either pay her the compensation as required under the contract or terminate her under one of the justified reasons for termination under the Contract. BIV did neither. Therefore, we agree with the trial court's finding that BIV breached the Contract and affirm the Summary Final Judgment entered in favor of de Saad and Beeler. See Paladyne Corp. v. Weindruch, 867 So.2d 630 (Fla. 5th DCA 2004); Barakat v. Broward County Hous. Auth., 771 So.2d 1193 (Fla. 4th DCA 2000).
Affirmed.[6]
SALTER, J., concurs.
SCHWARTZ, Senior Judge (specially concurring in part).
I concur as to the result only in the court's disposition of the breach of contract issue. I do so without specifically ruling onbecause the bank did not make the argument either below or on appealthe possibility that the legal effect of the employer's actions in "suspending" de Saad without pay amounted to what would have been an appropriate discharge for cause and should have been treated as such, notwithstanding that it was called something else.[7]See Miami-Dade County v. *51 Valdes, 9 So.3d 17, 18 n. 2 (Fla. 3d DCA 2009) ("Legal consequences are `determined not by what [something] is called, but by what it does' and is." (quoting Boyd v. Boyd, 478 So.2d 356, 357 (Fla. 3d DCA 1985), review denied, 488 So.2d 67 (Fla. 1986))); Scharf v. Smith, 498 So.2d 686, 686 n. 1 (Fla. 3d DCA 1986); Levitz Furniture Co. of E. Region, Inc. v. Cont'l Equities, Inc., 411 So.2d 221, 224 (Fla. 3d DCA 1982), 419 So.2d 1196 (Fla.1982). See also Walls v. Endel, 20 Fla. 86 (1883); 205 Jacksonville, LLC v. A-Affordable Air, LLC, 16 So.3d 974 (Fla. 3d DCA 2009). Because such a discharge would have been fully justified by the contract and the facts of the case, and because the mere unfortunate, but insignificant use of a euphemism has resulted in de Saad's being paid at her contract rate for years of no work after she could have and should have been (and probably was) fired, it seems to me that we may have upheld a serious wrong.
I agree entirely with the court as to the indemnification issue.
NOTES
[1] BIV counterclaimed for damages for expenses, attorney's fees and costs incurred in the internal investigation.
[2] See Beeler v. Banco Indus. de Venezuela, 834 So.2d 952 (Fla. 3d DCA 2003).
[3] The Delaware statute reads as follows:

To the extent that a present or former director or officer of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections (a) and (b) of this section, or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith.
....
(a) A corporation shall have power to indemnify any person who was or is a party... to any ... completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the corporation) by reason of the fact that the person is or was a director, officer, employee or agent of the corporation....
8 Del. C. § 145(c) (emphasis supplied).
[4] We reject Appellants' contention that subsection (7) of 607.0850 proscribes indemnification to the Appellees because of the criminal charges filed against de Saad. We find that the proscription against indemnification in subsection (7) applies to voluntary indemnification by the corporation separate and apart from the mandatory indemnification required by subsections (1) and (3). Compare Alternative Dev., Inc. v. St. Lucie Club & Apartment Homes Condo. Ass'n, 608 So.2d 822 (Fla. 4th DCA 1992).
[5] Term of the Contract
The term of this Contract shall be two (2) years and two (2) months, starting on December 1, 1997, renewable automatically for periods of two (2) years. "THE EMPLOYER" may terminate this Contract at any time, prior to the date of termination, only for a justified reason, if "THE EMPLOYEE" is involved in any of the following situations:
If she is arrested or imprisoned for a felony, fraud, insubordination, dishonest behavior, not related to the obligations set [sic] forth herein, immorality, drug abuse, negligence, larceny, or malfeasance.
[6] Because of the disposition and resolution of the issues on the main appeal in favor of Appellees, we need not address the issues on cross appeal.
[7] Quite coincidentally, the following appeared in a recent article about an erring teacher: "Without discussion, board members suspended [her] without pay Tuesdayan effective termination...." Patricia Mazzei, Teacher Accused of Pushing Boy is Fired, Miami Herald, August 19, 2009, at 4B (emphasis added).