SUAREZ, J.

On Motion to Stay Mandate

Appellants/Cross-Appellees/Defendants, Banco Industrial de Venezuela, C.A., Miami Agency, etc., and BIV Investments and Management, Inc., a/k/a BIV Inversores y Promotores (collectively “BIV”), have filed a notice under Rule 9.120, Florida Rule of Appellate Procedure, invoking the discretionary jurisdiction of the Florida Supreme Court to review this Court’s decision in this matter. See Banco Industrial De Venezuela, C.A. v. de Saad, 21 So.3d 46 (Fla. 3d DCA 2009). We now address Banco Industrial’s and BIV’s Motion to Stay the Effect of, or in the Alternative, Withdraw This Court’s Mandate pending resolution of their Notice to Invoke the Discretionary Jurisdiction of the Florida Supreme Court.
Subsequent to this Court’s decision and the issuance of the mandate, Banco Industrial and BIV filed a notice to invoke discretionary jurisdiction with the Florida Supreme Court. Pursuant to Rule 9.120, these parties have requested this Court stay or withdraw the mandate pending determination by the Florida Supreme Court. The Committee Notes to Rule 9.120 state the following concerning motions to stay mandate:
The advisory committee was of the view that the District Courts should permit such stays only when essential. Factors to be considered are the likelihood that jurisdiction will be accepted by the Supreme Court, the likelihood of ultimate success on the merits, the likelihood of harm if no stay is granted, and the remediable quality of any such harm.
After a review of this Court’s decision, and the motion and response in this matter, it appears to this Court that Banco Industrial’s and BIVs motion fails on the *260 first two factors, the likelihood that the Supreme Court will accept jurisdiction and the likelihood of ultimate success on the merits.
Banco Industrial and BIV argue that the Supreme Court will accept jurisdiction claiming conflict between our decision and decisions of certain other District Courts of Appeal. Upon review of those decisions we, again, do not find conflict. Therefore, in the opinion of this Court, there is not a likelihood that the Supreme Court will accept jurisdiction.
Motion to Stay Mandate is denied.